JOHN B. HUNTER *vs.* CITY OF BOSTON & others.

Suffolk. March 20, 1914. — September 11, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

*Equity Jurisdiction,* To compel payment of claim of materialman out of fund retained under St. 1909, c. 514, § 23. *Bond. Equity Pleading and Practice,* Parties.

A contract with a city for the construction of a bath house provided that from monthly payments to the contractor sufficient sums should be deducted and retained by the city "to settle claims for materials or labor furnished for carrying on the contract, notice of which claims, signed and sworn to by the claimants severally, shall have been filed " in the office of the city or with officers as specified in the contract. A surety company gave to the city a bond with a condition to the effect that the contractor should "faithfully furnish the material and do the work required of him by the contract." *Held,* that the provision of St. 1909, c. 514, § 23, that sufficient security for those furnishing material or performing labor for the construction of a public building for a city shall be obtained "by bond or otherwise," was complied with by the provision of the contract above described, and that, provision having been made " otherwise," the bond of the surety company was not required by nor given under the statute; and consequently that, when the contractor had become a bankrupt, a materialman to whom the contractor owed an unpaid balance had no remedy on the bond or against the surety company.

A contract with a city for the construction of a bath house provided for monthly payments to the contractor on account, subject to revision on the final settlement between the parties to the contract, and in compliance with the requirement of St. 1909, c. 514, § 23, provided that from the amount due the contractor sufficient sums should be deducted and retained by the city from the monthly payments to settle the duly filed claims for materials and labor furnished for carrying on the contract. The contractor became a bankrupt. In a suit in equity by a materialman against the city to obtain about $560 due to him from the contractor from a fund of about $13,350 that had been re-

tained by the city out of its monthly payments, the city in its answer claimed damages in recoupment by reason of the contractor's failure to construct the building in accordance with the specifications of the contract. It appeared that by the contractor's failure to comply with the terms of the contract the city had suffered a loss of $4,750. *Held,* that of the amount of $13,350 retained by the city the sum of $4,750 never became due to the contractor, and therefore the sum of money in the hands of the city, of which the plaintiff was entitled to have a proportionate share applied to the payment of his claim, was only the difference between those amounts, that is, about $8,600.

Where a surety company has given to a city a bond with the condition that a certain contractor who has agreed with the city to construct a building for a certain price will faithfully do the work required of him by his contract, and the contractor by his failure to comply with the terms of the contract causes the amount which would have been due to him upon his full performance of the contract to be diminished by a certain sum of money, which is more than covered by an amount of money that under the terms of the contract has been withheld by the city from the contractor by deducting it from the amount that would have been due to him upon the full performance of his work, the surety company owes nothing to the city upon its bond, because the contractor has performed in substance the condition of the bond by making good to the city his deficiency in the performance of the contract and the city has lost nothing.

In a bill in equity by a materialman against a city to compel the payment of a debt due to him from a bankrupt contractor by enforcing his right to share in a fund withheld from the contractor by the city in compliance with St. 1909, c. 514, § 23, the proper procedure is for the plaintiff to bring a suit in equity in behalf of himself and all other persons having similar claims, instead of making the other claimants defendants, as the plaintiff did in the present case.

LORING, J. The plaintiff furnished material in the construction of a bath house which one Mack (doing business under the firm name of Mack and Moore) agreed to build for the city of Boston. Mack was adjudicated a bankrupt on June 6, 1911, and at that time owed the plaintiff $560.75. Subsequently this bill in equity was brought by the plaintiff to procure payment out of $13,351.98 retained by the city when it made to Mack monthly payments on account, and also from a surety company who gave a bond to the city conditioned that Mack should "faithfully furnish and do everything" required of him by the contract between him and the city. The plaintiff's claim is that both the money retained and the bond given were obtained by the officers of the city in compliance with St. 1909, c. 514, § 23.*  All other persons

* The statute referred to is as follows: "Officers or agents who contract in behalf of any county, city or town for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor per-

who had performed labor and furnished materials in the construction of the bath house were made parties defendant to the bill. In its answer the city alleged "that since the acceptance of said building as completed it has appeared that there were certain latent defects in the construction of said building due to the failure of Mack and Moore to construct said building in accordance with the plans and specifications; that as a result thereof the defendant has suffered great damage and claims the right to recoup therefor out of the funds in its hands as heretofore alleged." The case was sent to a master * under a rule directing him "to hear the parties and their evidence, find the facts and report his findings to the court together with such facts and questions of law as either party may request."

In spite of the terms of this order of reference (directing the master to find the facts which were put in issue by the pleadings) the master failed to pass upon the issue raised by the allegation of the city that it had been damaged by a failure on the part of Mack to perform his contract. We assume that the reason for this was a ruling which the master undertook to make (although he had no authority to make it under the order of reference in this case; see *Clark* v. *Seagraves,* 186 Mass. 430), to the effect that the city of Boston had no right in this suit to recoup the damages suffered by it in the premises. On the coming in of the master's report the city filed a cross bill based upon these same damages, and on its motion the case was recommitted to the master to find the damages suffered by the city. In a supplementary report the master found that the damages suffered by the city by reason of the failure of Mack to comply with the terms of his contract amounted to $4,750. A final decree † was entered on the master's report, establishing the sums (amounting to $17,410.76) due from Mack to the several persons who had furnished material or performed labor in the construction of the bath house, and directing the city forthwith to pay over to these

---

formed or furnished and for materials used in such construction or repair; but in order to obtain the benefit of such security the claimant shall file with such officers or agents a sworn statement of his claim within sixty days after the completion of the work."

  * Edward L. Logan, Esquire.

  † Made by *Jenney,* J.

debtors of Mack their proportionate share of the $13,351.98 retained by the city; it also directed the surety company to pay to Mack's creditors the balance of the several sums due them, it declared that the city had no right to recoup its damages in this suit, or in the cross bill, and it directed the surety company to pay to the plaintiff its costs of suit.

From this decree appeals were taken by the surety company and by the city of Boston.

1. We are of opinion that the bond given by the surety company was not given in compliance with St. 1909, c. 514, § 23, and that the surety company cannot be made liable to the plaintiff and the other materialmen.

The main argument on which the plaintiff bases his contention that the bond was given in compliance with the statute is that, by the terms of the contract between the city and Mack, Mack agreed, in case it was ascertained on the final settlement that he was indebted to the city, to pay to the city, within one month after the determination of the amount of it, the balance found to be due. But the terms of the bond are that Mack should "faithfully furnish and do everything therein required of" him. This would seem to mean "faithfully furnish the material and do the work required of him by the contract." This interpretation of the condition of the bond is reinforced by the terms of Mack's proposal to the city, which is a part of the contract between him and the city. It is there stated that the city is to pay Mack $64,650, as full payment for doing and completing the work, "including everything furnished or done, and every injury or loss sustained, by the contractor in carrying on the work." The terms and conditions of the bond correspond to the terms of the proposal, which do not include payment of money by Mack to the city.

The provision made in the contract between Mack and the city for the retention of a portion of the monthly amount then apparently due to Mack, provides in terms that such sums should be deducted and retained (*inter alia*) "to settle claims for materials or labor furnished for carrying on the contract, notice of which claims, signed and sworn to by the claimants severally, shall have been filed" in the office of the defendant city or with its officers as specified in the contract. It is plain that this

provision was made to comply with St. 1909, c. 514, § 23. In this respect the case is like *Nash* v. *Commonwealth,* 174 Mass. 335, and *Burr* v. *Massachusetts School for Feeble-Minded,* 197 Mass. 357. The statute provides that sufficient security for those furnishing material or performing labor shall be obtained either "by bond or otherwise," not by both. In the case at bar the requirement of St. 1909, c. 514, § 23, having been complied with "otherwise" than by bond, it cannot be held that the bond was given to comply with the statute.

It follows that so much of the decree as holds the defendant surety company liable and directs it to pay the costs to the plaintiff, was wrong.

2. We are also of opinion that so much of the decree was wrong as forbids the city of Boston to recoup its damages.

It is plain as matter of law and under the terms of the contract, that the monthly payments were mere payments on account subject to revision on the final settlement between the parties to the contract. The material portions of the contract are contained in articles 6 and 7, set forth in full below in a note.*

---

* "Article 6. The City by the Architects, after each month during which the Contractor shall have carried on the work prior to the month of completion thereof, shall estimate and allow the value of materials owned, and placed in permanent position on the work, by the Contractor, to the date of estimate and the value of labor done on the work by him [*and*] shall deduct, for the final settlement under the contract, such sum as the Officer shall direct, not exceeding fifteen per cent of the estimate — such other sum as the Officer shall direct not exceeding the total amount determined by the Architect to be the reasonable expense, loss and damage of the City caused by failure of the Contractor, as determined by the Architect, to conform to and carry out the provisions of the contract and shall deduct such and all sums paid for carrying on the contract, and shall deduct all sums paid for carrying on the contract, and shall deduct and retain until the Officer shall direct the payment thereof, such sum as the Officer shall direct as being required to settle claims for materials or labor furnished for carrying on the contract, notice of which claims, signed and sworn to by the claimants severally, shall have been filed in the office of the City Clerk, or with said Officer, and claims against the City, its agents or employees, relating to the contract. If the total of the sums to be allowed, as aforesaid, exceeds by more than $200 the total of the sum to be deducted, as aforesaid, the City, unless otherwise required by law, shall pay the balance to the Contractor within

When the fact became known that Mack never fulfilled his contract with the defendant city, it appeared that the $13,351.98 never became due from the city to Mack. In other words it then appeared that the city never had retained in its hands the sum of $13,351.98 as Mack's money. But that the amount of Mack's money retained by the city was $13,351.98, less the damages, amounting to $4,750, suffered by the city from Mack's failure to comply with the terms of the contract; that is to say, the money of Mack's in the city's hands which is available for the payment of unpaid bills due from Mack to the plaintiff and other materialmen, is $8,601.98, and not $13,351.98. See in this connection *American Bridge Co.* v. *Boston,* 202 Mass. 374.

3. It has been suggested by the plaintiff since the argumen. that he and the other materialmen are entitled to a recovery against the surety company on the ground that the city of Boston

one month after the determination of the balance shall have been paid by the Architect.

"Article 7. The City, by the Architect, within 61 days after the work shall have been completed, in accordance with the contract, as determined by him, shall allow the contract sum of $64,650, and such sum as he shall determine to be the reasonable cost of extra labor furnished under orders and given as authorized in Article 2, plus 10 per cent of such cost, and the reasonable expense, injury or loss, caused by conforming to all other orders so made and given, or by anything for which, as determined by Architects, the City is liable and no other provision is made in this article, but no sum shall be allowed for loss or profits on work taken away; shall deduct and keep such sum as the Architect shall determine to be just for each day any work done for the City either by this contractor, as determined by the Architect, and such sum as he shall determine to be the expense, loss and damage of the City specified in the preceding Article, and the decrease in the total cost of the work caused, as he shall determine, by change or taking away of any part thereof; shall deduct all sums paid for carrying on the contract, and shall deduct and retain until the Officer shall request the payment thereof, such sum as he shall direct as being required to settle the claims specified in preceding Article. If the total of the sum to be allowed, exceeds the total of the sum to be deducted, the City, unless otherwise required by law, shall pay the balance to the Contractor within one month after the determination of the balance shall have been made by the Architect, and if the total of the sums to be deducted exceeds the total of the sum to be allowed, the contractor shall pay the balance to the City within on[e] month after the determination of the balance shall have been made by the Architect; any balance found as hereinbefore provided in this Article shall be deemed the final settlement under the contract."

can collect the damages due it from Mack out of either one of two funds, namely, out of the surety company or out of the $13,351.98, which it now has in its hands, and that the plaintiff and the other materialmen, having a right to resort only to one of these funds (namely, the fund of $13,351.98), are entitled under the doctrine of marshalling assets, to have the city collect its damages from the surety company and thus leave the whole of the $13,351.98 fund for them. But the answer to this suggestion is that there are not two funds to which the city can resort. There is nothing due from the surety company to the city of Boston. The condition of the bond given by the surety company was that Mack should "faithfully furnish and do everything therein required of" him by the contract between him and the city. Mack performed in substance that condition when he fulfilled the terms of the contract, with the exception of certain items amounting to $4,750, and for the payment of that he left more than $4,750 in the hands of the city. If that were not so the plaintiff in this contention would be met with the difficulty that the surety company, being a surety on paying the city's damages of $4,750, would be entitled to be subrogated to the city's rights against Mack. This whole contention is based upon the erroneous assumption that the $13,351.98 was retained solely for the indemnification of the materialmen. But that assumption is without foundation.

The form of the bill in this case is not to be taken as a precedent. The proper procedure in a case like the case at bar is for one of the materialmen to bring a bill in behalf of himself and all the others, and not for him to bring a bill in his own behalf making the other materialmen parties defendant.

It follows that, so far as the decree establishes the debts due to the plaintiff and to the other materialmen, it should be affirmed, but that it should be reversed (1) so far as it forbids the city's recouping the damages suffered by it, (2) so far as it fixes the amount which the city is to pay over to the plaintiff and to the other materialmen, and (3) so far as it holds the defendant surety company liable in this suit and directs the surety company to pay to the plaintiff its costs.

The decree appealed from must be modified by providing that the city shall forthwith pay over to the plaintiff and to the other

materialmen their proportion of $8,601.98, and by directing that the bill should be dismissed as against the defendant surety company and that the plaintiff should pay the surety company its costs. So modified, it is affirmed.

*So ordered.*

*G. A. Flynn,* for the defendant city.

*L. A. Ford, (G. G. Bacon* with him,) for the defendant Massachusetts Bonding and Insurance Company.

*F. M. Carroll,* for the plaintiff and certain defendants having similar claims.

*E. A. Whitman,* for the defendant G. W. and E. Smith Iron Company.