J. H. McNAMARA, INCORPORATED, *vs.* HUGH J. McGUIRE & others.

Suffolk.   November 10, 1925. — February 25, 1926.

Present: RUGG, C.J., BRALEY, PIERCE, WAIT, & SANDERSON, JJ.

*Bond,* To secure claims for public work. *Equity Jurisdiction,* To enforce rights under bond given under G. L. c. 149, § 29.

Where the law requires one person to obtain security for the benefit of others, that person cannot himself share in the security until those for whom he is bound to obtain it have had the full benefit intended to be secured to them.   Per WAIT, J.

The penal sum of a bond furnished to a city by a contractor and a surety under the provisions of G. L. c. 149, § 29, was sufficient to satisfy claims of subcontractors which, upon the abandonment of the work by the contractor, were found to be due for labor performed or furnished and materials used in the performance of the contract, but not sufficient to pay also a claim by the city against the contractor for extra cost resulting to it in completing the performance of the contract, whether such claim was given priority over the claims of the subcontractors or shared with them ratably.   The bond required the surety to pay the penal sum if the contractor failed to "faithfully furnish and do everything therein required . . . on . . . [his] part to be kept and performed and shall also pay for all labor performed or furnished, and for all materials used in the carrying out" of the contract.   In a suit in equity by the subcontractors as claimants against the contractor, the surety and the city, there was no cross bill, and it was *held,* that

(1) The claimants were entitled to be paid first, and were entitled to priority over the city;

(2) The question of liability of the surety to the city was not before the court in this suit;

(3) A decree releasing the surety from all liability on the bond beyond the payment of the amounts found to be due to the claimants with their costs was erroneous in that respect, and must be amended by striking out the language exonerating the surety from liability to the city, and by providing that the decree was made without prejudice to such rights, if any, as the city might have against the surety.

BILL IN EQUITY, filed in the Supreme Judicial Court for the county of Suffolk on April 6, 1923, to enforce the provisions of a bond, given to the defendant city of Boston by the defendants Hugh J. McGuire and Charles J. Doonan, doing business under the name Holbrook Construction Company, and the defendant Maryland Casualty Company, under G. L. c. 149, § 29, to compel payment of a claim of the plaintiff as a subcontractor in the performance of certain work for the city on Dudley Street and on Dorchester Street.

By successive decrees, Rowe Contracting Company, Joseph P. O'Connell, Warren Brothers Company, and John J. Farrell, trustee of St. Paul's Roman Catholic Church, were permitted to intervene as parties plaintiff, and Thomas F. Megan, trustee in bankruptcy of McGuire and Doonan, was admitted as party defendant. The suit was referred to a master. Besides the facts stated in the opinion, the master found as follows:

There were two contracts of McGuire and Doonan with the city; one related to work on Dudley Street, and one related to work on Dorchester Street. The defendants McGuire and Doonan as principals and the defendant Maryland Casualty Company as surety gave to the city under the statute a bond in the penal sum of $10,000 as to each contract. Both contracts were abandoned by the contractors while still not fully performed. The city employed another contractor to finish the work on Dudley Street, which was accomplished at a cost in excess of that called for in the contract with the defendants McGuire and Doonan. The city retained $1,192.66 of a sum previously earned by McGuire and Doonan under that contract.

The master found that the defendant city held under the

Dorchester Street contract $3,125.55, "which job was completed by the defendants."

The claims of Warren Brothers Company and of John J. Farrell, trustee, were disallowed.

Upon the claim of J. H. McNamara, Incorporated, the master found that, as to the Dorchester Street contract, there was due a balance of $993 exclusive of interest, and as to the Dudley Street contract, a balance of $1,114.25, exclusive of interest.

Upon the claim of Joseph P. O'Connell, the master found that there was due as to the Dorchester Street contract $2,684.96, exclusive of interest, and as to the Dudley Street contract $4,673.87, exclusive of interest.

On the claim of the Rowe Contracting Company, the master found that there was due as to the Dorchester Street contract $2,257.37, exclusive of interest, and as to the Dudley Street contract $817.09, exclusive of interest.

The suit was heard on the master's report by *Hammond*, J., by whose order there was entered an interlocutory decree confirming the report, and by *Morton*, J., by whose order there was entered an interlocutory decree, in substance ordering payment by the defendant Maryland Casualty Company to the city of a sum sufficient, with a sum of $3,125.55 retained by it from payments due under the McGuire and Doonan contract, to pay the claims of J. H. McNamara, Incorporated, Joseph P. O'Connell, and Rowe Contracting Company as to the Dorchester Street contract, with interest, and, "upon the payment of said sums to defendant city of Boston by defendant Maryland Casualty Company that defendant Maryland Casualty Company be discharged from all further liability upon its said bond . . . [as to the Dorchester Street contract] to the plaintiff and intervening petitioners." There was no appeal from the interlocutory decree as to the Dorchester Street contract.

By order of *Morton*, J., there also was entered a final decree in substance adjudging that the bond as to the Dudley Street contract "was security under G. L. c. 149, § 29, for labor furnished and material used in the construction of said public work," and constituted "trust property or fund which the

defendant city of Boston holds in trust for the benefit of the plaintiff and intervening petitioners above named entitled to the benefit of said security to the extent" of the claims; that the defendants McGuire and Doonan were liable on the bond; that McGuire and Doonan were irresponsible, "and that defendant Maryland Casualty Company is not liable to defendant city of Boston upon said bond in respect to damages suffered by defendant city of Boston by reason of the failure of defendants McGuire and Doonan to comply with the terms of the contract aforesaid"; and it was ordered that the defendant surety company pay to J. H. McNamara, Incorporated, $1,233.85 with interest on $1,114.25 from the date of the decree; to Joseph P. O'Connell $5,250.31 with interest on $4,673.87 from the date of the decree; and to Rowe Contracting Company $918 with interest on $817.09 from the date of the decree; "and that upon the payment of said sums defendant Maryland Casualty Company be discharged from all further liability upon said bond." The city appealed from this decree.

*L. Schwartz*, Assistant Corporation Counsel, for the defendant city of Boston.

*F. L. Norton*, for the plaintiffs.

*E. I. Taylor*, for the defendant Maryland Casualty Company.

WAIT, J.    The city of Boston appeals from a final decree which determined that the plaintiff and certain intervening creditors, hereafter called the claimants, had established claims against security in the hands of the city, being a bond executed by the Maryland Casualty Company, hereafter called the surety, binding the surety to pay a penal sum of $10,000, if McGuire and Doonan, hereafter called the contractors, failed to "faithfully furnish and do everything therein required . . . on . . . [their] part to be kept and performed and shall also pay for all labor performed or furnished, and for all materials used in the carrying out" of a contract for work on Dudley Street in Boston.

The decree also determined that the bond was taken by the city pursuant to the requirements of G. L. c. 149, § 29; that the contractors were in default, and, furthermore, were

irresponsible financially; that the surety was liable and must pay the amounts found due to the several claimants, who had performed or furnished labor and furnished materials used in the work, with interest; that upon such payment the liability of the surety terminated and that the city could not recover on the bond an amount which it had expended in excess of the contract price in completing the work after the contractors had abandoned it.

The city contends that the bond was security not only for the benefit of the claimants but also for its own benefit; and that the decree is erroneous in denying it priority to the claimants and any recovery against the surety for its own benefit.

A report of a master was confirmed by interlocutory decree from which no appeal was taken. The master found that the bond was obtained as security for payment for labor and materials pursuant to the statute; that it was sufficient to pay the claimants in full if the city was not permitted to share in the recovery, but was insufficient in a large amount if the city shared and had priority, and insufficient in a less degree if city and claimants shared *pro rata* in the amount recovered.

When the contractors abandoned the work, the city held the sum of $1,192.66, which it had retained from payments earned by the contractors as the work progressed. This was five per cent of the payments earned. The master's report makes no finding to show by what right this was retained. The city applied this money in payment of the excess cost of the completed work.

The claimants make no contention with regard to this payment; but it is contended that the surety is entitled to have the money applied for the benefit of the claimants and thus in reduction of its payments on the bond.

The city relies upon the decision in *Hunter* v. *Boston*, 218 Mass. 535. There are circumstances which distinguish the cases. *Hunter* v. *Boston* decided that the bond there under consideration was not taken in pursuance of the statute and did not furnish security for the lienors, because other security had been taken for their benefit and there had been

no breach of the bond resulting in liability upon it.  Here, however, the bond was taken under the statute.

There has been a breach of the bond.  The question is, to whose benefit the recovery enures.  The Legislature cannot have intended that the person upon whom it placed the duty to secure "sufficient security" for the payment "for labor performed or furnished and materials used" should be permitted so to use that security for his own benefit as to render it insufficient for the payments for labor and material. The law will not permit it.  Where the law requires one person to obtain security for the benefit of others, that person cannot himself share in it until those for whom he is bound to obtain it have had the full benefit intended to be secured to them.

The city contends that it cannot be responsible if its officials take security which proves to be insufficient.  This is aside from the point.  The point is that the city cannot render what has been obtained as security under the statute insufficient by taking so much for itself that the remainder falls short of satisfying the statutory beneficiaries.

The decision in *Friedman* v. *County of Hampden*, 204 Mass. 494, that lienors took precedence of any assignment by the contractors, supports this position.

The decree, therefore, is right in so far as it determines that the surety is liable to the claimants, and that the latter take priority to the city in their claims against the surety.

The city contends, further, that the decree is erroneous in releasing the surety from all liability on the bond beyond the payment of the amounts found to be due to the claimants with their costs.  The surety maintains that "the question of any liability of the bonding company to the city is not properly before the court."  The latter contention is sound. The city and the surety are defendants in this suit.  One codefendant can enforce a liability against another codefendant only by cross bill.  *Forbes* v. *Thorpe*, 209 Mass. 570, 583. *Martin* v. *Murphy*, 216 Mass. 466.  *Holbrook* v. *Schofield*, 211 Mass. 234.  No cross bill has been filed.*

---

* Even Equity Rule 6 (1926), 252 Mass. 602, does not provide for affirmative relief between codefendants, where no cross bill has been filed.  REPORTER.

No contest has been made with regard to the interest imposed by the decree.    See *Hurley* v. *Boston,* 244 Mass. 466, 472.

The decree must be amended by striking out all language exonerating the Maryland Casualty Company from liability to the city of Boston; by providing that it is made without prejudice to such rights, if any, as the city may have against the company; and by awarding to the claimants their costs of this appeal against the city.

As so amended it is affirmed.

*So ordered.*