THE A. L. SMITH IRON WORKS *vs.* MARYLAND CASUALTY
COMPANY & others.

Suffolk.    March 3, 1931. — March 4, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, WAIT, & SANDERSON, JJ.

*Bond,* For performance of public work.    *Statute,* Construction.

One, who furnished to a contractor materials incorporated in a public
building erected by the contractor under a contract between him and
a town, but who did not file in the office of the town clerk a sworn
statement of his claim for an unpaid balance of the purchase price of
such materials, could not maintain a suit in equity in his own name
for such balance against the surety on a bond given to the town under
G. L. c. 149, § 29.

G. L. c. 149, § 29, covered the whole subject of security for those fur-
nishing material in the construction of buildings for counties, cities
or towns, and materialmen must comply with its provisions in order
to obtain the benefits of such security.

BILL IN EQUITY, filed in the Superior Court on June 8,
1927, against Maryland Casualty Company, S. L. Milton
Construction Company and the town of Winthrop, con-
taining allegations of the circumstances described in the
opinion, and prayers as follows:

"1. That the town of Winthrop be decreed trustee for
the benefit of the plaintiff of the construction bond. . . .

"2. That the condition of said bond be decreed to have
been broken by the defendant S. L. Milton Construction
Company, and that execution be ordered to issue thereon in
the sum of $2,887.35 with interest from September 1, 1925.

"3. And for such other and further relief as the nature
of the case may require."

The suit was heard by *Burns,* J.   By order of *Collins,* J.,
there was entered the final decree described in the opinion.
The plaintiff appealed.

*J. Kruger,* for the plaintiff.

*J. W. Blakeney,* for the defendants.

RUGG, C.J.   In July, 1924, the town of Winthrop made
a written contract with a construction company for the

erection of a high school building. At the same time the construction company, as principal, and the Maryland Casualty Company, as surety, executed and delivered to the town a bond containing this condition: ". . . if the Principal shall faithfully perform the Contract on his part, and satisfy all claims and demands, incurred for the same, and shall fully indemnify and save harmless the Owner [the town] from all cost and damage which he may suffer by reason of failure so to do, and shall fully reimburse and repay the Owner all outlay and expense which the Owner may incur in making good any such default, and shall pay all persons who have contracts directly with the Principal for labor or materials, then this obligation shall be null and void; otherwise it shall remain in full force and effect."

The work to be performed under the construction contract has been completed. The plaintiff furnished to the construction company for use in the erection of the building structural steel; a substantial balance of the price of this material remains unpaid. The construction company has become financially irresponsible. The failure on the part of the construction company to pay the claim of the plaintiff constitutes a breach of the condition of the bond. A verbal request in behalf of the plaintiff was made on the counsel of the town to bring action on the bond for the benefit of the plaintiff. The request was refused. No written demand on the town has been made. By final decree the plaintiff's claim against the construction company was established but the bill was dismissed against the other defendants because the plaintiff had failed to file a claim as provided in G. L. c. 149, § 29. That section provides that "Officers or agents who contract in behalf of any county, city or town for the construction or repair of public buildings or other public works shall obtain sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and materials used in such construction or repair; but to obtain the benefit of such security the claimant shall file in the office of the county treasurer or of the city

or town clerk a sworn statement of his claim within sixty days after the claimant ceases to perform labor or furnish labor or materials." Confessedly the plaintiff has not complied with the terms of this statute. It has failed to file a sworn statement of its claim as therein required. It is, therefore, entitled to no relief under the statute.

It is unnecessary to examine in detail the elaborate argument made in behalf of the plaintiff to the effect that there are common law features of the bond outside the express requirements of the statute of which it is entitled to the benefit by suit in its own name. That subject was carefully examined with full review of authorities in *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139, where the conclusion was reached that a beneficiary under such a bond is not entitled to maintain a suit for its own benefit in its own name except in compliance with the statute. It is unnecessary to repeat that discussion or review again those authorities. There is a class of recognized exceptions to the general rule that one not a party to a contract may recover in some instances without showing privity of contract or direct consideration moving from him. *Pike* v. *Anglo-South American Trust Co.* 267 Mass. 130, and cases there collected. The case at bar does not come within any such exception.

The subject of security for those who furnish material in the construction of buildings for counties, cities or towns appears to be covered by said § 29. A high degree of relief not afforded by the provisions of the common law is thereby made available. In such circumstances the general principle seems applicable that, when legislation covers the entire field, previous provisions of law touching the subject are no longer operative. *Commonwealth* v. *Commissioner of Banks in re Prudential Trust Co.* 240 Mass. 244, 250. *Norcross* v. *Board of Appeal of Boston,* 255 Mass. 177, 181, 182. *School Committee of Lowell* v. *Mayor of Lowell,* 265 Mass. 353, 356, 357.

*Decree affirmed with costs.*