TOWN OF NEWBURY *vs.* EDGAR C. LINCOLN & others.

Essex.     April 13, 1931. — September 10, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Bond*, For performance of public work.  *Contract*, Construction, Performance and breach, Municipal building contract.  *Municipal Corporations*, Officers and agents, Building contract.

A provision of a contract in writing between a town and a contractor for the construction of a highway permitted the town and its board of selectmen "with the written consent of the Contractor, [to] use any money retained, due or to become due under this contract, for the

purpose of paying for labor and materials for the work, for which claims have not been filed in the office of the Town Clerk." Under G. L. c. 149, § 29, as amended by St. 1929, c. 110, the contractor gave a bond with a surety to secure performance of the contract. The contractor did the work contemplated. One, who furnished labor and materials actually employed in the construction of the highway and to whom the contractor was indebted therefor, filed no statement of claim with the town clerk but obtained from the contractor an order in writing on the town treasurer directing the payment to him of the amount owed, and such order was accepted by the town treasurer at his request, but never was accepted or approved by the selectmen or the town. In a suit in equity by the town against the contractor, such creditor and the surety, a master found that the town was desirous of paying such claim notwithstanding it had not been filed with the town clerk. The funds in the possession of the town applicable to the contract were not sufficient to pay all the creditors' claims. Such creditor conceded that he had no right by force of G. L. c. 149, § 29, amended by St. 1929, c. 110, to the money retained or to the bond as security for his claim, owing to the fact that a statement of the claim was not filed with the town clerk. A final decree was entered directing the surety to pay to the town a sum which, with the money held by the town, was large enough to pay all the claims including that of such creditor, and ordering the town to distribute the whole sum to the creditors. *Held,* that

(1) The town treasurer had no authority by virtue of his office to make an application of money held by the town under the contract without an order of the town or of the selectmen, and his acceptance of the order therefor was ineffective;

(2) Even if the contractor's order was "written consent," acceptance of the order by the treasurer was not compliance with the provision of the contract that the town or the selectmen with such "written consent" might "use any money retained, due or to become due under this contract, for the purpose of paying for labor and materials for the work, for which claims have not been filed in the office of the Town Clerk";

(3) The master's finding that the town was desirous of paying the claim did not amount to a finding that it had used for that purpose money retained by it under the contract;

(4) It not appearing that the bond was taken for the benefit of such creditor, he had no rights thereunder, nor could the town recover thereunder for his benefit;

(5) The town could not recover on the bond for its own benefit to the extent of such creditor's claim, since it did not appear that the town was damaged substantially by breach of the condition of the bond due to failure by the contractor to pay such creditor's claim;

(6) The final decree was modified by deduction of the amount of such creditor's claim from the amount to be paid by the surety.

BILL IN EQUITY, filed in the Superior Court for the county of Essex on March 7, 1930, and described in the opinion.

The suit was referred to a master. Material facts found by the master and an interlocutory decree and a final decree entered by order of *Broadhurst,* J., are described in the opinion.

The defendant New Jersey Fidelity & Plate Glass Insurance Company appealed from both decrees.

*J. E. Reagan,* for the defendant New Jersey Fidelity & Plate Glass Insurance Company.

*E. S. Underwood,* for R. G. Watkins & Son, submitted a brief.

FIELD, J.   The plaintiff, the town of Newbury, on June 12, 1929, entered into a contract with the defendants Lincoln and Belding, who were doing business as copartners, and are herein referred to as the contractor, for the construction of a highway.   In Article XXVIII of the contract it was provided that "The contractor shall assume the defense of and indemnify and save harmless the Town, . . . and its officers, and agents from all claims relating to labor and materials furnished for the work."   Article XLIII provided as follows: "The contractor shall pay all bills for labor and materials contracted by him on account of the work herein contemplated.   The Town or the party of the First Part may keep any monies which would otherwise be payable at any time hereunder, and apply the same, or so much as may be necessary therefor, to the payment of any expenses, losses or damages incurred by the Town or party of the First Part, and determined as herein provided, and may retain until all claims are settled, so much of such money as the party of the First Part shall be of the opinion will be required to settle all claims against the Town and the Party of the First Part and their officers and agents, specified in Article XXVIII, and all claims for labor performed or furnished and for materials used or employed, filed with the Town Clerk in accordance with Section 29 of Chapter 149 of the General Laws as amended or the Party of the First Part may make such settlement and apply thereto any money retained under this contract.   If the monies retained under this contract are insufficient to pay the sums found by the Party of the First Part to be due under the claims for

labor and materials filed as aforesaid, the Town or the Party of the First Part may, at its discretion, pay the same, and the contractor shall repay to the Town or the Party of the First Part all sums so paid. The Town, or the Party of the First Part may also, with the written consent of the Contractor, use any money retained, due or to become due under this contract, for the purpose of paying for labor and materials for the work, for which claims have not been filed in the office of the Town Clerk. It is understood that the security required by Section 29, of Chapter 149 of the General Laws, is obtained both by the bond accompanying this contract and by the power of the Town and the Party of the First Part to retain and pay money under the provisions of this article, but the release of one shall in no way impair or discharge the other." (The words "Party of the First Part" were defined by the contract as meaning the "Board of Selectmen of the Municipality.") The contractor gave bond, with the defendant New Jersey Fidelity & Plate Glass Insurance Company as surety, to perform "the covenants, conditions and agreements" of the contract, to "indemnify and save harmless the said Town of Newbury its officers and agents, as therein stipulated," and to "pay for all labor performed or furnished and for all materials used or employed in carrying out of said contract." The contractor has done the work contemplated.

This is a bill in equity brought in the Superior Court by the town against the contractor, the surety on the contractor's bond, certain persons and corporations who have filed claims for labor and materials with the town clerk, and Robert G. Watkins and Horace M. Watkins, doing business as copartners under the name of R. G. Watkins and Son, who have obtained from the contractor an order on the town treasurer directing him to pay their claim for labor and materials. The plaintiff prays that the court determine the amount, if any, due to each of the claimants for labor and materials and which of them are entitled to the benefit of security for the payment of such claims, determine that the order in favor of the defendants R. G. Watkins and Son is null and void, and direct the defendant surety "to pay the

town on account of its liability on said bond such funds as shall be necessary to enable the town to fulfil its trust as to the security obtained by the officers of the town for payment for labor performed or furnished or materials used in the construction of said highway." The case was referred to a master. Exceptions to his report were overruled and the report was confirmed by an interlocutory decree. A final decree was entered allowing claims of various claimants, aggregating $3,719.84 in amount, including the claim of R. G. Watkins and Son for $726.95, determining that the defendant contractor is indebted to the claimants for the amount of the claims, respectively, and that the plaintiff holds the sum of $2,959.95 for the benefit of these claimants, which amount is insufficient to the extent of $759.89 for the payment of the claims, and directing the contractor and surety to pay to the plaintiff such amount of $759.89, and the plaintiff to distribute the sums then held by it to these claimants. From the interlocutory decree and from the final decree the defendant surety appealed.

It is not now contended that the interlocutory decree was erroneous. The only question argued is whether the money retained by the town and the bond are chargeable with the amount of the claim of R. G. Watkins and Son.

Material facts found by the master as to this claim are as follows: The claimant furnished labor and materials actually employed in the construction of the highway and the contractor is indebted to the claimant therefor in the amount of $693. The claimant filed no statement of claim with the town clerk. The claimant, however, obtained from the contractor an order in writing on the town treasurer directing him to pay this amount to the claimant. The order was accepted by the town treasurer at the request of the claimant, but never was accepted or approved by the selectmen. The master found expressly "that the order . . . was given on account of the moneys due or to become due under said contract to said contractors and that the order is as a fact a written consent of said contractors to the payment thereof by the town of Newbury to said R. G. Watkins and Son within Article XLIII of said contract; that said town

is desirous of paying the claim . . . in the amount of $693.00 . . . notwithstanding said claim was not filed with the town clerk within the time required by the contract." The trial judge allowed the claim for $693, principal, and $33.95, interest.

The master found "if . . . material" that the contractor has "no financial standing."

This claimant, as it concedes properly, has no right by force of G. L. c. 149, § 29, amended by St. 1929, c. 110, to the money retained or to the bond as security for its claim. This statute requires persons contracting in behalf of the town for the construction of public works to obtain "sufficient security, by bond or otherwise, for payment by the contractor and sub-contractors for labor performed or furnished and materials used or employed in such construction," but the "benefit of such security" cannot be obtained by a claimant unless he has filed in the office of the town clerk "a sworn statement of his claim within sixty days after the claimant ceases to perform labor or furnish labor or materials," and this claimant filed no such sworn statement. *A. L. Smith Iron Works* v. *Maryland Casualty Co.* 275 Mass. 74.

Apart from the statute this claimant has no right to money retained. The contractor's order upon the town treasurer, unless accepted by the town, gave this claimant no greater right to money retained than the contractor had, and the contractor had no right thereto until all claims for labor and materials for which it was retained were settled. See *Friedman* v. *County of Hampden*, 204 Mass. 494, 512; *Otis Elevator Co.* v. *Long*, 238 Mass. 257, 267. The acceptance of the order by the town treasurer was ineffective to transfer to this claimant any right to money retained. He had no authority by virtue of his office as treasurer to make such an application of money held by the town without an order of the town or of the selectmen. See G. L. c. 41, § 35 (as amended by St. 1926, c. 65, § 1), and § 52. *Smith* v. *Cheshire*, 13 Gray, 318, 321. *Franklin Savings Bank* v. *Framingham*, 212 Mass. 92, 95. Nor, even if the contractor's order was "written consent," was acceptance of the order by the

treasurer compliance with the provision of the contract that the "Town, or the Party of the First Part," meaning the selectmen, might, with such "written consent," "use any money retained, due or to become due under this contract, for the purpose of paying for labor and materials for the work, for which claims have not been filed in the office of the Town Clerk." The money retained has not been used by the town or by the selectmen for the purpose of paying this claim. The finding of the master that "said town is desirous of paying the claim" does not amount to a finding that it has used for this purpose money retained by it under the contract.

This claimant has no rights under the bond. It is settled that the claimant could not have brought an action at law or a suit in equity in its own name thereon. *A. L. Smith Iron Works* v. *Maryland Casualty Co.* 275 Mass. 74. See also *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139. If, as we need not decide, a claimant for whose benefit a bond was taken would be in a better position in this proceeding, the present claimant has no rights under the bond unless such bond was taken for its benefit. Compare *Grime* v. *Borden,* 166 Mass. 198, 201; *Boyden* v. *Hill,* 198 Mass. 477, 487–488. It does not appear that the bond was taken for the benefit of this claimant. The provisions in the contract for security for the payment of claims for labor and materials must be construed together. It is provided expressly that security for claims filed "is obtained both by the bond accompanying this contract and by the power of the Town and the Party of the First Part to retain and pay money." The only express provision for security for claims not filed is that money retained may be used for the payment of such claims. The necessary inference is that security for the payment thereof was not obtained by the bond. Compare *Hunter* v. *Boston,* 218 Mass. 535, 538–539; *Dolben* v. *Duncan Construction Co. ante,* 242, 249. Consequently, the plaintiff cannot recover on the bond for the benefit of this claimant. Nor can the plaintiff recover on the bond for its own benefit to the extent of this claimant's claim since it does not appear

that it has been damaged substantially by the breach of the condition of the bond due to the failure of the contractor to pay this claimant.

It follows that the interlocutory decree must be affirmed, but the final decree must be modified by reducing the amount for which the defendant surety is liable and which it is ordered to pay to the plaintiff from $759.89 to $32.94, and by excluding the claimant R. G. Watkins and Son from the distribution of such amount and of the sum of $2,959.95, now held by the plaintiff, and so modified is affirmed.

*Ordered accordingly.*