HUB STEEL & IRON WORKS, INC. *vs.* JOHN E. DYER & others.

Suffolk.    May 12, 1933. — June 28, 1933.

Present: RUGG, C.J., PIERCE, WAIT, FIELD, & LUMMUS, JJ.

*Municipal Corporations,* Security for public work. *Equity Jurisdiction,* To reach and apply property not attachable at law.

Where a contractor under a contract with a city for public construction work furnished a bond under G. L. c. 149, § 29, as security for the payment of claims for labor and materials, and the contract provided that "While it is understood that . . . [such] security . . . is furnished by" the bond, the architects "may, nevertheless, cause any moneys retained, or to become due, to be held and applied to the payment for labor or materials for which security is required under the provisions of said section" of the statute; and that the city should deduct and retain sums "required to settle claims for materials or labor furnished for carrying on the contract, notice of which claims, signed and sworn to by the claimants severally, shall have been filed" in accordance with said section, both the bond and sums so retained constituted such security.

In litigation relating to said public work, it was adjudged that a certain sum was due to the contractor from the city. Before the city had paid such sum, subcontractors brought proceedings under said § 29, seeking payment from such sum; and thereafter their claims were established in an amount greater than said sum, and a decree was entered ordering the city to pay them from said sum and ordering the surety on the bond to pay the balance of their claims. The city complied with the decree. Previous to the entry of the decree, a judgment creditor of the contractor brought a suit in equity against him and the city to reach and apply the indebtedness of the city to him to the payment of that plaintiff's claim. Subsequent to said decree, a decree was entered in the suit establishing that plaintiff's claim against the contractor and dismissing the bill as against the city. *Held,* that

(1) Said sum retained by the city being a statutory security, the rights of the subcontractors in the proceedings under said § 29 were superior to those of the plaintiff in the suit;

(2) Said plaintiff could avail himself of only such rights as the contractor had in said sum;

(3) Said plaintiff was not entitled to payment by the city;

(4) The decree was right.

BILL IN EQUITY, filed in the Superior Court on August 17, 1929, to establish the indebtedness of the defendants John E. and Joseph F. Dyer to the plaintiff upon a judgment obtained by it, and to reach and apply, in satisfaction of that indebtedness, those defendants' interest in money due to them from the defendant city of Boston.

The suit was heard by *Whiting*, J. Material facts found and rulings made by him are stated in the opinion. By his order, a final decree was entered on March 30, 1933, establishing the claim of the plaintiff against the defendants Dyer and dismissing the bill as against the defendant city. The plaintiff appealed.

*A. J. Zimmerman*, (*S. Zimmerman* with him,) for the plaintiff.

*H. M. Pakulski*, Assistant Corporation Counsel, for the defendant city of Boston, submitted a brief.

LUMMUS, J. The defendants John E. Dyer and Joseph F. Dyer contracted with the defendant city for the construction of a boiler plant in a jail. Under G. L. c. 149, § 29, the city obtained security in the form of a bond, with a surety company as surety, for the payment by the contractors and subcontractors for labor and materials. The contract provided for the payment monthly by the city to the contractors of eighty-five per cent of the value of the work done during the month, and contained this provision: "ARTICLE III. The Contractor further agrees that he will pay all bills for labor and materials contracted for on account of the work herein contemplated and that he will furnish the Architects, at their request, with evidence satisfactory to the Architects that all persons who have done work or furnished materials under this contract . . . have been fully paid or satisfactorily secured, and in case such evidence is not furnished, the Architects shall cause to be retained out of any amount due the Contractor sums sufficient to cover any such unpaid claims. While it is understood that the security required to be given by the Contractor to satisfy the conditions of section 23 of chapter 514 of the Acts of the year 1909 [now G. L. (Ter. Ed.) c. 149, § 29] is furnished by the

Contractor by giving the bond accompanying this contract, the Architects may, nevertheless, cause any moneys retained, or to become due, to be held and applied to the payment for labor or materials for which security is required under the provisions of said section." Another provision was that the city shall deduct and retain such sum as its department of public buildings shall direct "as being required to settle claims for materials or labor furnished for carrying on the contract, notice of which claims, signed and sworn to by the claimants severally, shall have been filed" in accordance with G. L. c. 149, § 29.

The contractors stopped work before the job was finished, and litigation between them and the city ensued. *Dyer* v. *Boston,* 272 Mass. 265. The city had retained fifteen per cent of the money due to the contractors for completed work, or $5,938.06. After deducting from the appropriation of $100,000 (see *Dyer* v. *Boston,* 272 Mass. 265) the money paid to the contractors and the cost to the city of finishing the job, the sum of $5,080.18 out of the retained money remained on hand. This was the amount of the finding in favor of the contractors in the case of *Dyer* v. *Boston,* 272 Mass. 265. The contractors never collected the amount of that finding, for on July 30, 1928, the W. M. Kellogg Company, a subcontractor, filed a petition to obtain payment out of the $5,080.18, on the ground that that sum was security obtained by the city under G. L. c. 149, § 29, for the payment by the contractor for labor and materials. Other subcontractors intervened on September 11, 1928, and November 17, 1928, claims were established to an amount exceeding the sum retained, and a decree was entered on December 1, 1931, ordering the city to pay to the subcontractors the whole sum of $5,080.18 retained, and ordering the surety company to pay the balance of their claims. The city complied with this decree, and nothing was left in its hands.

In the meantime, on August 17, 1929, the present plaintiff had brought this bill to reach and apply, in satisfaction of a judgment against John E. Dyer, the interest of John E. Dyer in the balance of $5,080.18 owed by the city to John

E. Dyer and Joseph F. Dyer, and had obtained a preliminary injunction restraining the city from paying any money due to them. Apparently the pendency of the suit brought by the W. M. Kellogg Company was not known to the present plaintiff, and the pendency of the present suit was not known to the court when it entered the decree in the Kellogg case. The present plaintiff contends that the retained sum of $5,080.18 was not held as security under G. L. c. 149, § 29, that the decree in the Kellogg suit and the satisfaction of that decree by the city are invalid and ineffective against the present plaintiff, and that the present plaintiff is entitled to reach and apply that sum. The trial judge ruled in favor of the plaintiff that its rights are not affected by the decree in the Kellogg case, or the satisfaction thereof. But he ruled that the security obtained by the city under G. L. c. 149, § 29, included the retained sum of $5,080.18 as well as the surety bond.

This ruling was right. A city may obtain security "by bond or otherwise." It may obtain the required security by a combination of a surety bond and a retained sum, or by either alone. *Otis Elevator Co.* v. *Long,* 238 Mass. 257, 267. *McCliniic-Marshall Co.* v. *New Bedford,* 239 Mass. 216, 224. *Dolben* v. *Duncan Construction Co.* 276 Mass. 242, 248, 249. *Newbury* v. *Lincoln,* 276 Mass. 445. *Cunningham* v. *Commonwealth,* 278 Mass. 343. *Commercial Casualty Ins. Co.* v. *Murphy,* 282 Mass. 100. It is true that a sum retained is not necessarily a statutory security. A bond may be the only statutory security, and the sum retained may be exclusively for the benefit of the municipality, to secure the performance of the contract. A right to use the sum to pay claims for labor or materials regardless of compliance with statutory conditions does not make the sum statutory security. *George H. Sampson Co.* v. *Commonwealth,* 208 Mass. 372. *Dolben* v. *Duncan Construction Co.* 276 Mass. 242, 249. Conversely, a retained sum may be the only statutory security, and a surety bond may be taken merely for the benefit of the municipality. *Hunter* v. *Boston,* 218 Mass. 535, 538, 539. *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139, 144, 145.

But under the language of the contract in the present case, the trial judge was correct in ruling that both the retained sum and the surety bond constituted the statutory security.

By its equitable attachment (*Snyder* v. *Smith*, 185 Mass. 58), the plaintiff succeeded only to such rights as the contractors had in the fund. The retained sum being a statutory security, the rights of the subcontractors who obtained the decree in the Kellogg suit were superior. *Newbury* v. *Lincoln*, 276 Mass. 445, 450, and cases cited. See also *J. H. McNamara, Inc.* v. *McGuire*, 254 Mass. 589. The plaintiff is not entitled to payment from the city. The decree was right in limiting the relief granted to the establishment of the claim of the plaintiff upon its judgment.

*Decree affirmed with costs to the defendant*
*city of Boston.*