CLAYCRAFT COMPANY *vs.* JOHN BOWEN Co. & others.

Suffolk.    April 6, 1934. — June 28, 1934.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Municipal Corporations*, Public work. *Assignment. Equity Pleading and Practice*, Decree.

The security required by G. L. (Ter. Ed.) c. 149, § 29, and furnished by a contractor for the construction of a public work was not available to a materialman who sold materials to one who was neither the contractor nor a subcontractor undertaking any part of the work, but was merely a dealer who bought the material for resale to the contractor; and it was immaterial that the materials were made especially for the work.

In this Commonwealth it is not necessary to the validity of an assignment of money to become due in the future, that at the time of the assignment there be a binding contract under which the assignor may insist that money shall become due: it is sufficient that there is an existing engagement out of which it is expected that money will become due.

On May 24, a corporation received from the general contractor for a public work a verbal order for brick required. At that time no complete specifications of the brick work had been prepared, no definite quantities had been stated and there were many details as to prices, colors, sizes, shapes and quantities which remained to be determined, but in general the quantities which would be required were known and the corporation had received from the contractor an assurance that the job of furnishing bricks for the work in question had been awarded to it. The corporation gave an order for the making of the brick as early as May 27. On June 8 the corporation, for consideration and as security to the assignee, made an assignment in writing of the money due and to become due to it from the contractor. Detailed schedules of prices for the brick were not furnished until July 8, about the time of the earliest delivery of the brick, when money first became due therefor. The corporation later made an assignment for the benefit of its creditors. *Held*, that

(1) The first assignment by the corporation was valid;

(2) From the money owed to the corporation by the contractor, the first assignee should first be paid the amount of his claim which his assignment was given to secure, and the balance of such money should be paid to the assignee for the benefit of the corporation's creditors.

Although, in a suit in equity by a manufacturer, who sold materials to a dealer for resale to a contractor upon a public work, for relief under

G. L. (Ter. Ed.) c. 149, § 29, it appeared that the plaintiff was not entitled to the benefit of the statutory security furnished by the contractor, it was proper, in the circumstances, to establish in the final decree his claim against the dealer, who was a defendant.

BILL IN EQUITY, filed in the Superior Court on March 1, 1933, to require payment to the plaintiff of a sum alleged to be due it from the Pennsylvania Tile and Brick Company for brick sold by the plaintiff to be used in the construction, for the city of Boston, of a school building under a contract with John Bowen Co.

Proceedings previous to the final decree are described in the opinion. The final decree, entered by order of *Whiting*, J., was to the effect that the Pennsylvania Tile and Brick Company owed the plaintiff $5,981.94; that the Pennsylvania Tile and Brick Company owed Richard J. Shaw $8,759.80; that the claim of the plaintiff upon the fund of $10,262.86 paid into court be denied; that the assignment of the Pennsylvania Tile and Brick Company to Shaw dated June 8, 1932, was valid; that Shaw was entitled thereunder to $8,759.80 to be paid out of the fund in court, which was directed to be paid to him; and that the balance of the fund should be paid to Edward O. Proctor, Esquire, assignee of the Pennsylvania Tile and Brick Company for the benefit of creditors. The plaintiff, the Pennsylvania Tile and Brick Company, and Mr. Proctor, as assignee, appealed.

*R. Proctor*, for the plaintiff.

*E. O. Proctor*, for the defendants Pennsylvania Tile and Brick Company and another.

*T. H. Mahony*, for the defendant Shaw.

LUMMUS, J. The plaintiff is a manufacturer of brick in Ohio. The Pennsylvania Tile and Brick Company is or was a dealer in brick and other building materials in Boston. John Bowen Co. is a building contractor in Boston. The plaintiff sold brick to the Pennsylvania Company, which in turn sold it to John Bowen Co., for use in a schoolhouse built by John Bowen Co. for the city of Boston, and the brick was used in the schoolhouse. The Pennsylvania Company owes the plaintiff $5,597.50 for that brick. A bond

had been given, with a surety company as surety, as security under G. L. (Ter. Ed.) c. 149, § 29, but John Bowen Co. has withheld payment of $10,262.86 due to the Pennsylvania Company, and has paid that sum into court under a stipulation that any claim established by the plaintiff to the statutory security shall be paid out of that sum. John Bowen Co., the surety company and the city of Boston have been dismissed from the case.

The plaintiff has no claim to the benefit of the statutory security and consequently no claim against the fund in court. The security required by the statute cited is for payment for materials "by the contractor and sub-contractors." It does not extend to payment for materials by one who is neither the contractor nor a subcontractor undertaking any work of construction or repair, but is merely a dealer who buys material for the purpose of selling it to the contractor or a subcontractor. *Hightower* v. *Bailey,* 108 Ky. 198, 207, 208. *Hinckley* v. *Field's Biscuit & Cracker Co.* 91 Cal. 136. It is immaterial that the brick was made especially for the job; the plaintiff's debtor was nevertheless only a materialman.

On June 8, 1932, the defendant Shaw, really acting as the agent of Madeline M. Ryan, one of the directors of the Pennsylvania Company, but ostensibly acting for himself, agreed in writing to lend that company $10,000 from time to time as needed, and as security took a written assignment of the money due and to become due to that company from John Bowen Co. under the contract for material for the schoolhouse. Under that agreement Ryan, through Shaw, advanced the Pennsylvania Company $5,000 on June 27, 1932, and $3,000 on September 28, 1932.

On December 31, 1932, a general assignment for the benefit of creditors was made by the Pennsylvania Company to the defendant Proctor. Since the claim against the fund, made by the plaintiff, has failed, the defendant Proctor is entitled to the fund in court, except so far as the defendant Shaw may have rights in it under his assignment.

The objection made to the validity of the assignment to Shaw is, that on June 8, 1932, when it was given, there

was no contract existing between John Bowen Co. and the Pennsylvania Company for the purchase of brick, and the assignment was of a bare possibility or expectancy not coupled with a present interest. *Licker* v. *Gluskin*, 265 Mass. 403, 405. *Parsons* v. *American Agricultural Chemical Co.* 280 Mass. 424. The fact was, that "on or about May 24, 1932" the Pennsylvania Company received from the John Bowen Co. "a verbal order for the brick required for the proposed school, although at that time no complete specifications of the brick work had been prepared, no definite quantities had been stated and there were many details as to prices, colors, sizes, shapes and quantities which remained to be determined." But "in general the quantities that would be required" were known. The Pennsylvania Company had received from John Bowen Co. "an assurance that the job of furnishing bricks for the school in question had been awarded to" the former. It does not appear that a written contract was ever made or even contemplated. The brick had to be manufactured especially for the job, and the Pennsylvania Company gave the order for the making of the brick as early as May 27, 1932. The Pennsylvania Company did not furnish John Bowen Co. with a complete detailed schedule of prices on all material until July 8, 1932, about the time the earliest of the brick was delivered and money first became due therefor.

We need not consider whether the rather indefinite oral order or agreement of May 24, 1932, amounted to an enforceable contract between the Pennsylvania Company and John Bowen Co., from which neither could escape. *Beach & Clarridge Co.* v. *American Steam Gauge & Valve Manuf. Co.* 202 Mass. 177. *Duggan* v. *Matthew Cummings Co.* 277 Mass. 445. *George W. Wilcox, Inc.* v. *Shell Eastern Petroleum Products, Inc.* 283 Mass. 383. In this Commonwealth it has never been held necessary to the validity of an assignment of money to become due in the future, that there be a binding contract under which the assignor may insist that money shall become due. It is sufficient that there is an existing engagement out of which it is

expected that money will become due. In *Brackett* v. *Blake*, 7 Met. 335, an assignment of future salary was held valid, although the assignor was a municipal officer who could resign at any time and was removable at the pleasure of a superior. See *Seaver* v. *Onset Fire District*, 282 Mass. 209, 216. Other cases at common law have sustained assignments of future earnings by laborers employed by the day or piece, who might quit work or be discharged at any moment. *Hartley* v. *Tapley*, 2 Gray, 565, *Wallace* v. *Walter Heywood Chair Co.* 16 Gray, 209, 211. *Boylen* v. *Leonard*, 2 Allen, 407. *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 530. For the changes made by a comparatively recent statute as to assignments of wages, see G. L. (Ter. Ed.) c. 154, §§ 5, 7; *Gilman* v. *Raymond*, 235 Mass. 284.

The present case differs from *Commercial Casualty Ins. Co.* v. *Murphy*, 282 Mass. 100, 106, where there was no engagement or relationship until a formal written contract was made; from *Eagan* v. *Luby*, 133 Mass. 543, where it was held that a janitor elected annually could not assign his salary for a succeeding year; from *Taylor* v. *Barton Child Co.* 228 Mass. 126, where an assignment of accounts receivable which might result from unknown future transactions with persons generally, was held invalid; and from *In re Estate of Nelson*, 211 Iowa, 168; 72 Am. L. R. 850, which denied validity to an assignment of future accounts receivable from named customers. We are of opinion that the assignment to Shaw was good as against the later assignment for the benefit of creditors. No notice or record was necessary. *Taylor* v. *Barton Child Co.* 228 Mass. 126, 131. *Commercial Casualty Ins. Co.* v. *Murphy*, 282 Mass. 100, 104.

The final decree rightly gave the fund to the defendant Shaw so far as necessary to repay him, and the residue to the defendant Proctor as assignee for the benefit of creditors. Although the plaintiff failed to prove any claim against the fund, it was proper to establish its claim against the Pennsylvania Company. *Peerless Unit Ventilation Co. Inc.* v, *D'Amore Construction Co.* 283 Mass. 121, 125, 126.

*Decree affirmed.*