HARRY BERGSON, receiver, *vs.* H. P. HOOD & SONS, INC.

Suffolk.   February 1, 1937. — May 26, 1938.

Present: FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Assignment. Contract,* Construction. *Practice, Civil,* Exceptions: whether error harmful. *Evidence,* Extrinsic affecting writing.

An assignment in writing by a corporation to its principal creditor of "all the accounts receivable and choses in action . . . against any person . . . now due or coming due," given as a part of one transaction consummated by several instruments executed on the same day between the corporation, the creditor and a purchaser of the corporation's property, by which the corporation, after getting by delivery of the assignment a discharge by the creditor of a lien on its property, was able to make the contract to sell its property, was an effectual assignment of the purchase price, although the contract of sale was not delivered until after the assignment.

Parol evidence, offered to vary or contradict the terms of a written assignment which was not ambiguous, was rightly excluded, and the admission of parol evidence which tended to corroborate the assignment was not prejudicial.

CONTRACT. Writ in the Municipal Court of the City of Boston dated September 22, 1932.

Upon removal to the Superior Court, the action was heard by *Dillon,* J., who found for the defendant. The plaintiff alleged exceptions.

*H. Bergson,* for the plaintiff.

*F. W. Crocker,* (*J. B. Ames* with him,) for the defendant.

DONAHUE, J.   The plaintiff, as receiver of Maple Farm Milk Company of Massachusetts, has brought this action to recover an amount due from the defendant under a contract. The contract was an agreement dated September 1, 1927, for the purchase by the defendant and the sale by the Maple Farm Milk Company of certain real estate located in Vermont.

The parties made a pretrial agreement.   They agreed that the only issue to be tried was whether or not the amount of $1,970.59, which the plaintiff sought to recover in this action,

was "covered by a written assignment," dated September 1, 1927, by the Maple Farm Milk Company to one Graustein. They also agreed that if the amount of $1,970.59 was covered by the assignment judgment is to be entered for the defendant, but if that amount was not covered by the assignment judgment is to be entered for the plaintiff for $1,970.59 with interest from the date of the writ.

The case was heard by a judge of the Superior Court sitting without jury. He found for the defendant and the case comes to us on exceptions taken to rulings made by him at the trial.

It is not in dispute that $1,970.59 is the amount for which the defendant was required to account to some one, that amount being the balance of the purchase price of the Vermont real estate, after deducting moneys properly paid to free the real estate from encumbrances. The question is whether, by reason of the execution of the assignment to Graustein, the company divested itself of the right to the balance of the purchase price of the real estate.

The Maple Farm Milk Company was, on September 1, 1927, negotiating with the defendant for the sale of its business, including its goodwill and the greater part of its personal assets and the real estate in Vermont. There was a meeting on that day which was attended by representatives of the Maple Farm Milk Company and of the defendant, and by their attorneys, and by Graustein. The sale of the business and property of the Maple Farm Milk Company was there discussed. The company was heavily indebted to Graustein and he held a mortgage on the greater part of its personal property. This property the Maple Farm Milk Company and the defendant desired to have included in any sale which should be made, and the defendant did not wish to purchase it subject to the Graustein mortgage.

At the meeting on September 1, 1927, the Maple Farm Milk Company and the defendant reached an agreement · for the sale and purchase of the business of the Maple Farm Milk Company including its goodwill and its personal assets and the Vermont real estate. By agreement of the buyer and the seller and of Graustein, who was ultimately

to receive the proceeds of the sale, the sum of $22,200, the purchase price of the business, the goodwill and the personal property, was that day paid by the defendant to the attorney of the Maple Farm Milk Company, to be held by him in escrow for a period of fifteen days, pending an adjustment, if necessary, for the failure of the Maple Farm Milk Company to deliver any of the listed articles of personal property. The attorney was also authorized to receive the balance of the purchase price of the real estate, $2,600, after the deduction of amounts paid to remove encumbrances, on the date set for giving a deed, September 15, 1927.

The judge found that the assignment to Graustein was signed and delivered before the execution of the agreement for the sale of the real estate and of the other documents executed on the same day; that the assignment and the agreements of sale were parts of an entire transaction, authorized in its entirety by the stockholders and directors of the Maple Farm Milk Company; that the Maple Farm Milk Company desired to sell its personal property on which Graustein held a mortgage in order to close its business and could not do so unless it first took care of Graustein; that the assignment was necessarily signed and delivered before a contract of sale was made with the defendant, and that there was no other sum of money to come due to the company after September 1 than what should be paid as purchase price of the property by the defendant. There was evidence warranting these findings. After the judge had made the findings he assented to a request by the plaintiff for "a finding of fact in the line that your Honor has stated before, namely . . . that the . . . [assignment] was signed, executed and delivered as you said 'necessarily so' before any contract was made with . . . [the defendant]." In view of what the judge had earlier said it must be assumed that in his assent to the plaintiff's statement he meant "any written contract" with the defendant.

On September 1, 1927, various documents were executed and various votes were passed by the stockholders and directors of the Maple Farm Milk Company. Among other such documents there was an assignment by the

Maple Farm Milk Company to Graustein of "all the accounts receivable and choses in action, demands or claims of any kind or nature against any person or persons and all and whatever sum or sums of money now due or coming due to it from any and all of its debtors." This was authorized by a vote of the directors of the Maple Farm Milk Company. Graustein executed a discharge of the personal property mortgage held by him. There was a bill of sale from the Maple Farm Milk Company to the defendant which included all the personal property of the company with some minor exceptions. This was authorized by a vote of the stockholders of the company. There was an agreement for the purchase and sale of the Vermont real estate to be conveyed on or before September 15, 1927. A vote of the stockholders of the company authorized the execution of this agreement and the execution and delivery of a deed of the property.

It is true, as the plaintiff contends, that a debt which has neither actual nor potential existence cannot be the subject of a written assignment. *Citizens Loan Association* v. *Boston & Maine Railroad*, 196 Mass. 528, 531. A debt which has a potential existence may be assigned. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 217–218. Because of the fact that the assignment in the present case was executed and delivered before the execution and delivery of the agreement for the purchase and sale of the real estate, though on the same day, the plaintiff contends that the debt created by the agreement had, when the assignment was executed, no potential existence.

"In this Commonwealth it has never been held necessary to the validity of an assignment of money to become due in the future, that there be a binding contract under which the assignor may insist that money shall become due." *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255, 258. In that case there was no written contract and the assignor had merely received a verbal order for the brick which would be required to construct a proposed building, at a time when no complete specifications as to the brick work had been prepared, no definite quantities were stated and

the details as to prices, colors, sizes, shapes and quantities had not been prepared. It was there held (pages 258–259) to be "sufficient that there is an existing engagement out of which it is expected that money will become due."

In the present case the delivery of the assignment to Graustein was not an isolated fact. It was an essential element in the transaction consummated on September 1, 1927. Without the inclusion of the personal property there would have been no sale. The personal property could not be included without the discharge of the mortgage held by Graustein. The assignment made possible its discharge. The consideration for the assignment was the ultimate payment to Graustein of the balance of the $22,200 paid that day by the defendant and the balance of $2,600 to be paid when the deed of the real estate should be delivered. The assignment to Graustein, his discharge of the mortgage, the agreement for the sale of the real estate which created the debt here in question and all the other documents executed on the same day were parts of the same transaction: — the sale of the business, the goodwill and the assets of the Maple Farm Milk Company to the defendant. The various undertakings of the parties were so interrelated that they constituted one transaction. Manifestly the assignment was given and taken with the contemplation of all parties concerned that the agreements for sale would be executed and that the debt here in issue would be incurred. In these circumstances a finding was warranted that the debt had potential existence when the assignment was executed and delivered. See *Commercial Casualty Ins. Co.* v. *Murphy*, 282 Mass. 100, 106, 107; *Federal National Bank of Boston* v. *Commonwealth*, 282 Mass. 442, 451.

There is another ground on which the ruling of the judge was warranted. Graustein, in an action earlier brought against the defendant, recovered the amount of the same debt which the plaintiff here seeks to recover. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. In that case this court held that the debt in question had a potential existence at the time the assignment was executed. Since

the parties were not the same, that decision is not *res judicata* as to the present plaintiff. However, an examination of the facts appearing in the opinion and in the original record in the earlier case shows that the evidence in the former case and in the present case, on the issue whether the debt had potential existence when the assignment was given, was substantially the same. As a ruling of law on like evidence the former decision is authoritative in the present case, *Malden Trust Co.* v. *Brooks,* 291 Mass. 273, 288, 289, *Supreme Lodge Knights of Pythias* v. *Smyth,* 245 U. S. 594, 596, *Hill* v. *Levine,* 252 Mass. 513, 517, and warranted the ruling of the judge that the debt of $1,970.59 had potential existence and was included in the assignment.

Subject to the exception of the plaintiff, Graustein was allowed to testify that the attorney for the Maple Farm Milk Company told him that in exchange for his mortgage he was to receive everything paid by the defendant. This was expressly not admitted by the judge for the purpose of contradicting the written documents. It in reality corroborated the documents. It would seem that the evidence did not come within the prohibition of the parol evidence rule because it was not admitted to vary or contradict the terms of the written assignment and in fact did not so affect its terms. See *Willett* v. *Smith,* 214 Mass. 494, 497; *Gardner* v. *Denison,* 217 Mass. 492, 495. In any event the admission of the testimony was not prejudicial because, on evidence other than the testimony excepted to, the judge found the assignment was unambiguous.

The plaintiff excepted to the exclusion of evidence offered by him to the effect that at the time the assignment was executed the attorney of the Maple Farm Milk Company told Graustein that the attorney was not to turn over to him any sums of money which might become due in any trade which should be made by the Maple Farm Milk Company with the defendant. The only purpose for which such evidence would be relevant would be to vary or contradict the terms of the written assignment. As the lan-

guage of the assignment was not ambiguous the evidence was rightly excluded. *Marston* v. *Boston Publishing Co.* 271 Mass. 307, 313.

*Exceptions overruled.*