JOSEPH A. SINGARELLA *vs.* CITY OF BOSTON.

Suffolk.   May 5, 6, 1953. — May 28, 1953.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Trustee Process.   Public Works.*

Money earned by a contractor under a contract with a city, but withheld from him by the city and not due him "absolutely and without any contingency" because of a claim of lien on it by a third person at the time of service of process on the city as alleged trustee in an action against the contractor, was not then caught by the trustee process and did not become subject thereto retroactively when subsequently the third person released his claim, and upon such release was properly paid by the city to the assignee under an assignment given by the contractor after the service of process on the city.   [260–261]

The filing of a statement of claim under G. L. (Ter. Ed.) c. 149, § 29, as amended, with a city which had obtained security from a contractor pursuant to that section and the consequent withholding by the city of money otherwise due from it to the contractor prevented such money from being due the contractor "absolutely and without any contingency" within G. L. (Ter. Ed.) c. 246, §§ 24, 32, while the claim was outstanding.   [260]

SCIRE FACIAS in the Municipal Court of the City of Boston dated January 21, 1952.

The case was heard by *Adlow*, J.

*William I. Schell,* for the plaintiff.

*Thomas F. Hanley, Jr.,* Assistant Corporation Counsel, for the defendant.

COUNIHAN, J.   This is a writ of scire facias, G. L. (Ter. Ed.) c. 246, § 45, brought in the Municipal Court of the City of Boston.   After a finding for the plaintiff the judge reported the case to the Appellate Division of the Municipal Court at the request of the defendant.   It comes here upon an appeal by the plaintiff from the following order of the Appellate Division: "Finding for plaintiff vacated. Finding for defendant, trustee discharged."   There was no error in making this order.

Hereinafter the defendant will be referred to as the city. It appears from the report of the judge that the only evidence offered at the trial was the interrogatories of the plaintiff to the city and the answers of the city to such interrogatories. From such evidence it could be found as follows: One Frank J. Guaragna had a contract to do certain work for the city in 1951. In an action of contract begun by the present plaintiff against Guaragna the city was named as trustee and service was made on the city on July 25, 1951. The city filed an answer admitting that it had in its possession at the time of service the sum of $1,218.83 due Guaragna under his contract.

Subsequently on August 4, 1951, an additional sum of $1,594.86 became due Guaragna.

Both parties concede that Guaragna had given the city security under G. L. (Ter. Ed.) c. 149, § 29, as appearing in St. 1938, c. 361. On August 30, 1951, a notice of claim of lien under said § 29 in the sum of $856.23 was filed with the city by a subcontractor of Guaragna. In accordance with the usual practice and presumably acting by virtue of § 29, the city withheld this $856.23 from what was due Guaragna until the subcontractor perfected its lien or released it.

On October 17, 1951, a special precept of attachment by trustee process in the original action was served on the city and in its answer to this attachment the city said that it had in its possession the sum of $2,813.69 subject to the earlier attachment of the plaintiff and subject also to the notice of lien filed by the subcontractor on August 30, 1951.

On October 19, 1951, Guaragna filed with the city an assignment to one Israel Cohen of all moneys due him from the city.

On November 2, 1951, another special precept of attachment by trustee process was served on the city by the plaintiff and to this the city filed an answer substantially the same as that filed to the earlier special precept of attachment.

The original action of the plaintiff against Guaragna in

which these attachments by trustee process had been made was tried on December 7, 1951, and the plaintiff recovered judgment for $3,955.82 with costs and execution issued.

On December 19, 1951, after demand and service of the execution on the city by a deputy sheriff, the city paid him on behalf of the plaintiff $1,957.46 which was the amount admittedly due Guaragna from the city less $856.23 the amount claimed by the subcontractor under its notice of claim of lien.

On December 28, 1951, the subcontractor filed with the city a release of its claim of lien and on the same day the city paid Cohen, the assignee of Guaragna, $856.23. At that time none of the attachments by trustee process had been discharged.

On January 21, 1952, this scire facias was commenced. At the trial the judge denied request numbered 5 of the city [1] and in relation thereto he found and ruled as follows: "I find that trustee still held $856.23 which was subject to notice of lien by materialman and then to attachment of plaintiff and that when lien was taken off plaintiff became entitled to sum released from lien." He found for the plaintiff in the sum of $856.23. Upon report to the Appellate Division this action was disposed of as we have already indicated.

The question presented to us is whether at the time of service of the successive attachments by trustee process the city had in its possession money other than that admitted in its answers which was free from any encumbrance.

The answer to this question is to be found in the very recent case of *Abbot Lumber & Building Supply Co. Inc.* v. *Cushing Construction Co. Inc., ante,* 182. In that case practically the same issue as in the instant case was considered and decided. The situation in both cases is governed by G. L. (Ter. Ed.) c. 246, §§ 20, 24, 32. These sections of

---

[1] "That if the court find that when the execution in the original cause of action was levied upon the trustee, all of the goods, effects and credits then held by the trustee free from any other attachment, notice of lien, or prior claim, were funds in the amount of $1,957.46 and that said amount was paid thereon, then the trustee must be discharged."

the statute are set forth in a footnote to the opinion in the earlier case so we need not now repeat them.

In the *Abbot* case we relied upon the oft recited rule that whether a trustee is chargeable depends upon the facts as they existed at the time the trustee process was served. If nothing is due from the trustee at that time "absolutely and without any contingency," G. L. (Ter. Ed.) c. 246, § 32, Fourth, nothing is caught by the trustee process. Subsequent events freeing money held by the trustee because of any contingency are not retroactive to the time of the service of the original trustee process or to the time of service of any successive attachments by special precepts. *Bennett* v. *Caswell,* 7 Gray, 153.

The plaintiff contends that a notice of lien filed under G. L. (Ter. Ed.) c. 149, § 29, is not in effect an attachment but merely serves to give a subcontractor the right to perfect his lien within the time prescribed by that statute. We do not agree with this contention. By c. 149, § 29, "A city may obtain security 'by bond or otherwise.' It may obtain the required security by a combination of a surety bond and a retained sum, or by either alone." *Hub Steel & Iron Works, Inc.* v. *Dyer,* 283 Mass. 463, 466. Apparently the city here obtained the required security by a bond, a retained sum, or both. In these circumstances Guaragna, the contractor, could not have demanded payment of the retained sum of $856.23 from the city although it was otherwise due him, until after the subcontractor's lien, if perfected, was satisfied or released. See *Hub Steel & Iron Works, Inc.* v. *Dyer,* supra, at page 467. It cannot therefore be held that this sum of $856.23 was due him from the city "absolutely and without any contingency" on or after August 30, 1951, while the notice of claim of lien was still in effect. The successive attachments by trustee process did not operate to make the city chargeable and the demand and presentation of the execution by the sheriff on December 19, 1951, could not reach this money.

On December 28, 1951, however, when a release of the notice of claim of lien was filed, the obligation of the city

to pay over this money sprang into being for it was then due "absolutely and without any contingency." The payment of it to the assignee of Guaragna was not only proper but was required. There was therefore nothing due from the city in January, 1952, when this scire facias was commenced.

The order of the Appellate Division must be affirmed.

*So ordered.*