MARGARET O'BRIEN *vs.* MARTIN COLLINS & trustee.

Essex.   Nov. 7, 1877. — Feb. 8, 1878.   MORTON & SOULE, JJ., absent.

In an action begun by trustee process, the answer of the trustee admitted that, at the time of the service of the writ, there was in the hands of the trustee a certain sum due the defendant, which, by a special contract with the defendant, was to be appropriated to the payment of a debt due from him to the trustee; and that, subsequently, the defendant paid this debt in money. *Held*, that the trustee was not chargeable.

TRUSTEE PROCESS. Writ dated April 10, 1875, and served on the same day. The city of Salem, summoned as trustee, answered that, at the time of the service of the plaintiff's writ upon it, the defendant had performed for it certain labor under a special contract, by which the wages for such labor were to be appropriated to the payment of certain taxes due to it from the defendant; that the amount of the taxes was $75.66, and the amount of the wages was $47.17; that on August 7, 1875, the taxes were paid in cash by the defendant; and that it had in its possession no other goods, effects or credits of the defendant.

In the Superior Court, the trustee was discharged; and the plaintiff appealed to this court.

*C. Sewall*, for the plaintiff.

*N. J. Holden*, for the trustee.

AMES, J. The plaintiff's writ operated as an attachment of any goods, effects or credits of the defendant in the hands or possession of the trustee at the time of the service of the writ. The trustee's answer shows that at that time the city held a sum

of money for which it was accountable to the defendant ; but it also shows a special agreement with the defendant that this en‧ tire sum should be appropriated by the city to the payment of his taxes, which amounted to a larger sum. At the moment of the attachment, therefore, nothing was due from the city to the defendant, and consequently there was nothing in the trustee's hands that was liable to be held by the attachment. The fact that at a subsequent time a new arrangement was made, by virtue of which the taxes were paid in another manner, does not affect the question whether the amount in the trustee's hands was attachable in this process, at the date of the service of the writ. It is well settled that the validity of the attachment must be determined by the state of facts existing at that time. *Meacham* v. *McCorbitt*, 2 Met. 352. *Hancock* v. *Colyer*, 99 Mass. 187. *Judgment affirmed.*