ACUSHNET SAW MILLS COMPANY *vs.* NAPOLEON ST. PIERRE.

Bristol.    October 25, 1943. — June 28, 1944.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, RONAN, WILKINS, &
SPALDING, JJ.

*Trustee Process. Contract,* Building contract.

An attachment by trustee process is ineffectual if, at the time of service
of the writ, an executory building contract between the defendant
as builder and the trustee was unperformed by the defendant so that
there was nothing due thereunder from the trustee to the defendant
absolutely and without contingency.

CONTRACT. Writ in the Third District Court of Bristol
dated July 9, 1942.

The case was tried before *Considine,* J.

In this court the case was argued at the bar in October,
1943, before *Field,* C.J., *Donahue, Dolan, Cox,* & *Ronan,* JJ.,
and after the retirement of *Donahue* & *Cox,* JJ., was sub-
mitted on briefs to *Lummus, Qua, Wilkins,* & *Spalding,* JJ.

*G. H. Young,* for the plaintiff.

*H. A. Lider,* for the trustee.

DOLAN, J. This is an action of contract to recover
$554.42 from the defendant St. Pierre for goods sold and
delivered. The action was commenced by trustee writ in
which one Morris Horvitz was summoned as trustee. The
writ is dated July 9, 1942, and service was made on St.
Pierre and the alleged trustee on that day. The latter filed
an answer of no funds. St. Pierre was defaulted. The plain-
tiff filed interrogatories addressed to Horvitz, hereinafter
referred to as the trustee, who answered them under oath.
Subsequently the plaintiff filed allegations in writing of
material facts (see G. L. [Ter. Ed.] c. 246, § 16), and the
trustee filed an amended answer setting up a counterclaim
against St. Pierre totalling $912.57. At the close of the
evidence the trustee filed a motion to be discharged which
the judge allowed. A report to the Appellate Division was
ordered dismissed and the plaintiff appealed.

There was evidence that the trustee and St. Pierre entered into a written agreement dated September 8, 1941, under the terms of which St. Pierre was to construct a house on land owned by the trustee in Dartmouth, with various incidentals including a septic tank; that the installation of this tank and its connections were improper and inadequate; that trouble started about July 20, 1942, in clearing sewerage from the house; and that the trustee was put to an expense of $288.12 to correct this condition. There was also evidence that the trustee was obliged to expend $150 to correct a defect in the ceilings of three rooms in the house due to improper construction by St. Pierre. All payments due St. Pierre under this contract had been fully made by the trustee prior to the service of the writ in the present case upon him, final payment having been made on June 27, 1942. There was therefore nothing due on this contract from the trustee to St. Pierre when service was made on the trustee on July 9, 1942.

There was also evidence that St. Pierre and the trustee entered into a contract dated June 30, 1942, whereby St. Pierre agreed to sell and convey a lot of land, in New Bedford, with a partially constructed house thereon to the trustee, and to complete the construction of the house. The contract provided for the payment of $2,000 by the trustee upon delivery of the deed, and also for other payments specifically described. A deed conveying the premises to the daughter of the trustee was recorded on July 3, 1942. There is nothing in the record to show that the $2,000 was not paid by the trustee to St. Pierre as provided in the contract. There was evidence that between June 30, 1942, and September 29, 1942, St. Pierre began to neglect the supervision of the completion of this house; that he failed to complete the carpentry work provided for by the contract; that at the time of the hearings before the judge (September 29 and 30, 1942) he had abandoned all work on the house which was then being completed by the trustee; that the trustee had prior to those dates paid out $773.53 to St. Pierre on account of carpentry work; and that an additional estimated sum of $400.92 would have to be expended to complete

the carpentry work called for by the contract, making a total of $474.45 in excess of the contract price. Under the terms of the contract in question the trustee agreed to pay O'Connor Brothers, creditors of St. Pierre, $550. There was evidence that the trustee never paid this $550 as thus agreed and that St. Pierre paid the account from his own pocket.

At the close of the evidence the judge denied two of the five requests of the plaintiff for rulings as follows: "2. The claim of the alleged trustee to be allowed certain sums in set-off against funds admitted to be in hand at the time of service of the writ upon the trustee are claims for unliquidated damages between him and the defendant, and may not be deducted or retained from the goods, effects or credits in his hands as against this plaintiff." "5. The alleged trustee, on the weight of the evidence, is not entitled to any credits against the defendant for the labor and materials set out in his amended answer as alleged trustee."

The action of the judge in granting the motion of the trustee that he be discharged was right. The second contract was executory and it was entirely contingent at the time of service on the trustee whether, upon the completion of the contract and after the mutual rights and obligations of the parties thereto had been adjusted, anything would be due to St. Pierre from the trustee. And "money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time." *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300–302, and cases cited.

*Order dismissing report affirmed.*