JOHN BRADY & others *vs.* JACOB LICHTER & another.

Middlesex.    October 1, 1951. — November 28, 1951.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trustee Process.   Debt.   Evidence,* Admissions and confessions.   *Contract,*
Performance and breach, Building contract.

The mere fact that the alleged trustee in trustee process was adjudged a
trustee by default did not render him liable absolutely, and where it
appeared upon scire facias that there had been no adjudication of any
amount due, all matters of defence pertaining thereto were open to
him.

A statement made by the president of a corporation summoned as trustee
in trustee process to the plaintiff prior to the date of the writ, that
the defendant had done some work for and furnished some materials to
the corporation and that he did not know whether any money would
be due to the defendant since there were claims which the corporation
had against the defendant, did not amount to an admission that
money was owed by the corporation to the defendant absolutely and
without contingency but subject to set-off or counterclaim.

An alleged trustee in trustee process was not chargeable on scire facias
where it appeared that at the time of the service of the trustee writ
upon the alleged trustee the defendant had unjustifiably abandoned,
unfinished, an indivisible contract to furnish labor and materials to the
alleged trustee for an entire price and was not entitled to recover from
the alleged trustee either on the contract or on quantum meruit, and
that therefore there was no debt of the alleged trustee to him.

The mere fact that after service of a writ in trustee process upon the
alleged trustee he paid money to the defendant in settlement of dis-
puted contract claims between them did not show conclusively on
scire facias that the amount paid was a "credit" owed to the defend-
ant by the alleged trustee at the time of the service.

SCIRE FACIAS in the Superior Court dated September 29,
1949.

The case was heard by *Good,* J.

*W. F. Howard,* for the plaintiffs.

*L. W. Black,* for the defendant The Supreme Parlor
Furniture Co., Inc.

WILKINS, J.   This writ of scire facias is brought against

two defendants, who were adjudged trustees in a contract
action begun by the plaintiffs [1] by trustee process against
one McWhinnie as principal defendant. G. L. (Ter. Ed.)
c. 246, §§ 45–49. *Kolda* v. *National-Ben Franklin Fire Ins.
Co.* 290 Mass. 182, 183. Both trustees, who were not ex-
amined in the original action, have answered to the writ
and filed answers to written interrogatories. G. L. (Ter.
Ed.) c. 246, § 48. The judge denied a motion of the plain-
tiffs to charge the defendant The Supreme Parlor Furniture
Co., Inc., as trustee, allowed its motion to be discharged as
trustee, and entered judgment for it in these proceedings.
The record presents no question as to the defendant Lichter.

"The answer and statements of a trustee, on oath, shall
be considered as true in determining how far he is chargeable;
but either party may allege and prove any facts material in
determining such question and not stated or denied by the
trustee." G. L. (Ter. Ed.) c. 246, § 16. Likewise, in scire
facias, which is a continuation of the original proceeding,
*Universal Optical Corp.* v. *Globe Optical Co.* 228 Mass. 84,
85, the liability of one sought to be charged as trustee is
usually determined by an examination of his answers and
statements on oath. *Curnane* v. *Curnane,* 306 Mass. 74, 76.
See *Varian* v. *New England Mutual Accident Association,*
156 Mass. 1, 3. This is true in the case at bar, where the
judge had before him only pleadings and the trustee's
answers and statements.

The issue is whether as matter of law The Supreme Parlor
Furniture Co., Inc., is chargeable as trustee on its answers
and statements on oath.

The original action was brought on April 16, 1947, and
the trustees were served on the following day. On August 16,
1949, the plaintiffs recovered judgment against McWhinnie
in the amount of $1,897.02 with costs. The alleged trustees
did not appear or answer and were adjudged trustees by
default. The simple default of a trustee does not render

---

[1] The writ was originally brought in a District Court by John Brady.
After removal to the Superior Court the writ and declaration were amended
to add John F. Brady and Leo D. Brady, copartners of John Brady, as parties
plaintiff.

him liable absolutely. "The trustee is not the principal defendant and is not compelled by the statute to appear and to try his whole liability on the original summons, but may present his defence on its merits on the scire facias. . . . At the hearing upon the scire facias all matters of defence as to the amount due are open to the trustee, which have not been passed upon previously by the court." *MacAusland* v. *Fuller*, 229 Mass. 316, 319–320. Here there had been no adjudication of any amount due.

The trustee's answers contain statements, which we summarize, as to the origin of the alleged debt of McWhinnie sought to be reached by trustee process. On or about May 25, 1946, McWhinnie entered into an agreement whereby he was to furnish labor, materials, and supplies for repairs and alterations to certain premises known as Sterling Mills in Lowell. The agreement was made with the defendant Lichter, the treasurer of the furniture company, acting on its behalf. From about June 1, 1946, to about December 21, 1946, McWhinnie furnished labor, materials, and supplies pursuant to the agreement. The final statement rendered by him showed a gross charge of more than $12,000 and credits for payments of $4,321.25.

On April 21, 1947, McWhinnie brought a bill in equity against Lichter and The Supreme Parlor Furniture Co., Inc., to reach and apply certain shares of capital stock in payment of his claim of $8,170.15 for work, materials, and supervision. This appears in the bill as a liquidated sum on an account annexed. The furniture company filed an answer, which denied liability, and alleged that McWhinnie without justification and before any substantial performance abandoned the work in violation of his agreement, and that it had been forced to engage another contractor at a cost greatly in excess of the price agreed with McWhinnie. The answer also alleged, by way of counterclaim, (1) that the plaintiff and the defendants entered into an entire contract to be performed for an entire price; that the plaintiff without justification failed to perform; that the defendants have performed; that on or about September 14, 1946, the

plaintiff abandoned the contract causing the defendants to engage other persons to do the work and obtain the materials, and that the defendants were damaged greatly in excess of the cost agreed upon; and (2) that the plaintiff owed the defendant furniture company $1,000 for the use and occupation of certain premises for the period beginning September 16, 1946, and ending January 15, 1947. These allegations in the answer were true.

The suit was referred to a master, who filed a report on January 7, 1948, stating that hearings had commenced on December 8, 1947, and that during their course counsel reported a settlement. On January 14, 1948, a final decree dismissing the bill without costs was entered by consent, after The Supreme Parlor Furniture Co., Inc., on January 6, 1948, had given to McWhinnie a release and its check for $6,000. No payments were made by the furniture company to McWhinnie between June 1, 1946, when performance began, and April 17, 1947, the date of service on the trustee. Between December 8, 1947, when hearings began before the master, and January 14, 1948, the date of the final decree, there were no claims by McWhinnie against the furniture company other than those embodied in the bill of complaint.

On one or two occasions between January 1, 1947, and April 16, 1947, the date of the writ in the original action, Morris Lichter, president of the furniture company, in a telephone conversation with the plaintiff John Brady or his attorney stated that McWhinnie had done some work and furnished materials for alterations at the Sterling Mills, and that he did not know whether any money would be due to McWhinnie since there were claims which the furniture company had against McWhinnie. This statement of the trustee, particularly when read with its other statements, as matter of law, does not amount to an admission that money was owed to McWhinnie absolutely and without contingency but subject to set-off or counterclaim. See G. L. (Ter. Ed.) c. 246, § 26; *Reynolds* v. *Missouri, Kansas & Texas Railway*, 233 Mass. 32, 35–36; *Jordan* v. *Lavin*, 319 Mass. 362, 365. Nor did the trustee, as defendant in

the equity suit, by making a settlement become bound by the allegations of the bill of complaint, which it had denied in its answer, in effect that there was a liquidated sum due on an account annexed. Allegations in pleadings are binding only on the party making them. G. L. (Ter. Ed.) c. 231, § 87.

"Money cannot be attached by trustee process unless when service is made on the trustee it is due absolutely and without any contingency except that of time." *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300. The trustee is chargeable only upon the facts existing when the writ was served on it, and it is of no consequence that something eventually, and even probably, might become due.

In the case at bar, the plaintiffs did not satisfy the burden which was upon them of showing that at the moment of service upon the trustee any money was due absolutely and without any contingency except that of time. On the answers and statements of the trustee, there was at that vital moment an unfinished contract for work and materials which had been voluntarily abandoned by the alleged debtor. That contract, which was a unit, had not been substantially completed in an endeavor to perform fully. On this showing there could be no recovery on the contract or on a quantum meruit. *Andre* v. *Maguire*, 305 Mass. 515. *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 232–233. *LeBel* v. *McCoy*, 314 Mass. 206, 209–210. *Morgan-National Woodworking Co. Inc.* v. *Cline*, 324 Mass. 15, 17. See *Corsiglia* v. *Burnham*, 189 Mass. 347, 348–349. There was no debt, and there might never be one. *Banionis* v. *Lake*, 289 Mass. 146, 148–149. *Acushnet Saw Mills Co.* v. *St. Pierre*, 316 Mass. 621, 623.

The plaintiffs argue that in this Commonwealth "the payment of money by the trustee to the principal defendant in settlement of a disputed claim sounding in contract, is conclusive evidence that at least the amount paid was owed to the principal defendant as a 'credit' by the trustee." There is no such rule to be found in our Reports. Neither case relied upon sustains this assertion. In *Locke* v. *Tippets*, 7

Mass. 149, there is no description of the goods, effects, and credits in the hands of the trustees save that they were in some way related to a contract, which two of the trustees unsuccessfully contended was not their personal obligation but that of a corporation; and the court distinguished *Howell* v. *Freeman,* 3 Mass. 121, where there was a debt due on a contingency. In *West* v. *Platt,* 116 Mass. 308, the trustees in answers to interrogatories expressly admitted that they had funds of the principal debtor in their hands.

There was no error in the rulings of the judge.       :

*Exceptions overruled.*