*Municipal Court of the City of Boston*
No. 340462
## JOSEPH A. SINGARELLA
v.
## CITY OF BOSTON
(Jan. 7, 1953)

*Keniston, C. J.* This is an action of *scire facias* against the City of Boston as trustee on a judgment issued in this court in an action of Joseph A. Singarella v. Frank J. Guaragna and the City of Boston, trustee. At the hearing on the *soire facias,* the interrogatories to the trustee, the answers to the interrogatories under oath were introduced in evidence and the following facts appear.

On July 25, 1951, the trustee writ in the original cause of action was served upon the City of Boston as trustee and in answer thereto the city stated that at the time of service of the writ upon it, there was due to the defendant, one Frank Guaragna, in the original action the sum of $1,218.33.

On August 4, 1951, the city received an additional sum of money payable to the defendant Guaragna, amounting to $1,594.86, and on August 30 a notice of a claim of lien was filed by the Boston Sand and Gravel Company under G. L. (Ter. Ed) c. 149, sec. 29 by a subcontractor of the defendant in an amount of $856.23, which amount was thereupon held for the determination of the subcontractor's claim. After the filing of the notice of this claim of lien, there was then left in the hands of the city the sum of $738.63 then belonging to the defendant Guaragna and being free from any attachment or claim.

On October 17, 1951, a special precept was

issued in the original action and served upon the city as trustee to which the city answered that it had in its possession a total sum of $2,813.69 for the account of the principal defendant against which sum there were outstanding the attachments and claims above stated.

On October 19, 1951 the principal defendant filed in the office of City Clerk of the City of Boston an assignment to one Israel Cohen of any funds due him by the city.

On November 2, 1951 a special precept was served upon the city as trustee to which the city filed an answer stating that at the time of service upon it, it had in its possession $2,813.69 for the account of the principal defendant against which sum there were outstanding the attachments and claims as above stated.

The original cause of action was tried on December 7 and the plaintiff recovered judgment against the principal defendant in the sum of $3,955.82 and $31.30 costs. On November 29 the city as trustee was ordered charged "on writ and precepts".

On December 19 a deputy sheriff, after service of the execution, received from the city $1,957.46 on the execution which amount consisted of all the goods, effects and credits then held by the city, trustee, free of all other attachment, lien or prior claim, for the principal defendant.

On December 28 the Boston Sand and Gravel Company filed a release of its notice of a claim of lien, under which notice the amount of $856.23 had been held. On the same day this amount of $856.23 was paid by the city to the recorded assignee of the principal defendant, namely Israel Cohen, and at the time of payment of this amount the attachment issued on the special precept of October 15 was still recorded and no discharge thereof had been recorded.

The City of Boston as defendant in the *scire*

*facias* proceeding filed five requests, of which the first four were granted. Request number 5 is as follows:

> "That if the Court find that when the execution in the original cause of action was levied upon the trustee, all of the goods, effects and credits then held by the trustee free from any other attachment, notice of lien, or prior claim, were funds in the amount of $1,957.46 and that said amount was paid thereon, then the trustee must be discharged."

This request was denied and the court made the following finding:

> "I find that the trustee still held $856.23 which was subject to notice of lien by materialman and then to attachment of plaintiff and that when lien was taken off plaintiff became entitled to sum released from lien."

The court found for the plaintiff in the sum of $856.23.

The defendant claims to be aggrieved by the finding and rulings of the court.

The only issue raised by the plaintiff's brief and oral argument, as we understand it, is that the sum of $856.23 which was the amount held by the city subject to the lien under G. L. (Ter. Ed.) c. 149, sec. 29 of the Boston Sand and Gravel Company at the time of the service of the special precepts upon it on October 19, 1951 and November 2, 1951 should have been held as funds subject to these attachments after the lien of the Boston Sand and Gravel Company was released on December 28, 1951.

This contention cannot be sustained.

The plaintiff was only entitled to have the defendant as trustee charged in the amount of money or other thing it had in its possession due absolutely and without any contingency at the time of the service of the trustee writ and special precepts.

G. L. c. 246, sec. 24; *O'Brien* v. *Collins,* 124 Mass. 98; *Krogman* v. *Rice Brothers Co.,* 241 Mass. 295, 300 and c.c.; *Cataldo* v. *Woodside,* 295 Mass. 586; *Acushnet Saw Mills* v. *St. Pierre,* 316 Mass. 621, 623.

At the time of the service of the special precepts upon the defendant under date of October 17, 1951 and November 2, 1951 the sum in controversy of $856.23 was held by the defendant subject to the lien filed under G. L. c. 149, sec. 29 by the Boston Sand and Gravel Company and it was not due the principal defendant absolutely and without any contingency. The defendant therefore was not chargeable as trustee in this amount.

G. L. c. 246, sec. 32 Fourth.

The fact that at a later date, namely on December 28, 1951, the Boston Sand and Gravel Company filed a release of its notice of claim of lien, under which notice the amount of $856.23 had been held, did not change the effect of the attachments by the special precepts at the time of service of which the sum was not subject to attachment by trustee process. The trustee was chargeable only upon the facts existing when the precepts were served upon it.

*Meacham* v. *McCorbitt,* 2 Met. 352; *Bennett* v. *Caswell,* 7 Gray 153; *Hancock* v. *Colyer,* 99 Mass. 187; *Knight* v. *Bowley,* 117 Mass. 551; *O'Brien* v. *Collins,* 124 Mass. 98; *Krogman* v. *Rice Brothers Co.,* 241 Mass. 295, 300.

It follows that on the facts as stated it was error for the court to find for the plaintiff in the sum of $856.23 and to deny the defendant's request No. 5 for the reason stated in the special finding of facts.

The following entries are to be made:
*Finding for plaintiff vacated.*
*Finding for defendant, trustee discharged.*
Plffs'. atty., Wm. I. Schell.
Defts'. atty., Robert J. DeGiacomo.