ABBOT LUMBER AND BUILDING SUPPLY CO., INC. *vs.* CUSH-ING CONSTRUCTION CO., INC., IRVING S. STONE, claimant (and a companion case [1]).

Suffolk. April 6, 1953. — April 30, 1953.

Present: QUA, C.J., LUMMUS, WILKINS, WILLIAMS, & COUNIHAN, JJ.

*Trustee Process. Contract,* Building contract.

At the time of service of a special precept of attachment upon a town as alleged trustee in trustee process there was no money due absolutely and without contingency from the town to the defendant as owner to the defendant as contractor for work completed under a building contract providing that payment for such work should be made by the town to the contractor only upon a certificate approved by the architect, and the attachment therefore caught nothing, where it appeared that at the

---

[1] The companion case is Atlantic Building & Supply Co., Inc. *vs.* Cushing Construction Co., Inc., Irving S. Stone, claimant.

time of service the architect had not approved a certificate for payment for such work, although he did so a few hours later.   [186]

There was no error in the denial of a request by the plaintiff in trustee process for a ruling that "on the law and on the evidence the answer of the trustee must be taken as true and no extrinsic evidence is admissible to alter, amend or explain it" where the procedure set forth in G. L. (Ter. Ed.) c. 246, § 33, was followed on the claim of a party admitted to the action as adverse claimant.   [186]

TWO ACTIONS OF CONTRACT in the Superior Court, commenced by trustee writs dated August 11, 1950.

The actions were heard by *Beaudreau*, J., upon an auditor's reports.

*Louis Kobrin*, for the plaintiffs, submitted a brief.

*John A. Daly*, for the claimant.

COUNIHAN, J.   These are two actions of contract.   The dispute between the real parties before us arises out of certain trustee process attachments by the plaintiffs in which the town of Needham was named as trustee.   G. L. (Ter. Ed.) c. 246, § 20.   Irving S. Stone was admitted as an adverse claimant.   C. 246, §§ 33–34.   The actions were referred to an auditor whose findings were to be final.   The actions come here upon exceptions of the plaintiffs to the denial of their motions in substance that the town be charged as trustee, to the allowance of motions by the claimant for judgment for him, and to the denial of two requests for rulings.[1]

We summarize the findings of the auditor.   The defendant entered into a written contract with the town of Needham on August 24, 1951, to build an addition to a police garage for the sum of $6,075.   Payments were to be made by the town in three instalments as the work progressed but *only upon certificate approved by the architect.*   The first payment was made as provided on October 4, 1951.   On October 8, 1951, at 9:20 A.M. the plaintiffs, in suits against the defendant, by special precepts attached by trustee process any funds of the defendant in the hands of the

---

[1] "1. On the law and on the evidence the claimant's petition must be dismissed because the attachment of the plaintiff took precedence.   2. On the law and on the evidence the answer of the trustee must be taken as true and no extrinsic evidence is admissible to alter, amend or explain it."

town. No certificate of the architect for approval of the second payment to the defendant had been made when these attachments were served. Earlier, on October 5, 1951, Stone had agreed to lend certain money to the defendant. On that day the defendant prepared a written request to the architect for approval of the second payment due it under the contract. At that time it had done all of the work required to be done to entitle it to such payment. This request was submitted to the architect who approved it in his Boston office on October 8, 1951, at about 2 P.M. and by mail sent copies of this requisition with his approval thereon to the town. On October 8, 1951, after such approval by the architect, Stone lent the defendant $1,138.50 and on the following day he lent it $50 more. On October 9, 1951, the defendant gave Stone a written assignment of all moneys due it from the town as security for said loans. On the same day the request for payment as approved by the architect was presented to the town together with the assignment.

Because of the attachments the town refused to pay Stone and this controversy arose. The auditor found that Stone was entitled to receive $1,188.50 from the town.

The crucial issue presented is whether the town of Needham on October 8, 1951, at 9:20 A.M. (the time of the service of the trustee process) had goods, effects, or credits of the defendant in its possession under the provisions of G. L. (Ter. Ed.) c. 246, §§ 20, 24, 32.

We are of opinion that it did not and therefore there was no error in the action of the judge upon the motions.

Pertinent statutes or parts of them are set forth in the margin. [1]

---

[1] G. L. (Ter. Ed.) c. 246, § 20: "The goods, effects or credits of the defendant intrusted to, or deposited in the hands or possession of, a person summoned as his trustee shall, *except as hereinafter provided,* be attached and held to respond to the final judgment, as if they had been attached upon an original writ of attachment" (emphasis supplied). § 24: "Money or any other thing due to the defendant absolutely and without any contingency may be so attached before it has become payable, but the trustee shall not be compelled to pay or deliver it before the time appointed by the contract." § 32: "No person shall be adjudged a trustee in the following cases: . . . Fourth, By reason of money or any other thing due from him to the defendant,

Almost a hundred years ago it was established that "Whether the trustees were chargeable or not depends upon the facts as they existed when the trustee process was served." *Bennett* v. *Caswell,* 7 Gray, 153, 154. It was there also said at page 155, "At the time of the service of the writ upon these trustees, nothing was due absolutely from them; whether anything was to be ultimately paid by them depended upon a future contingent event . . . . The subsequent discharge of the defendant [in bankruptcy] could not so retroact as to change the condition of things existing when the process was served." *Krogman* v. *Rice Brothers Co.* 241 Mass. 295, 300. *Acushnet Saw Mills Co.* v. *St. Pierre,* 316 Mass. 621, 623.

By the provisions of the contract between the town and the defendant payments "shall be paid by the owner to the contractor . . . only upon certificate approved by the architect." In *Hebert* v. *Dewey,* 191 Mass. 403, in a learned and studied opinion Chief Justice Knowlton considered the effect of a similar provision. There payment was to be made upon certificates from the architect that he considered the payment properly due. At page 408 it was said, "It is well settled that, in the absence of fraud, or such mistake as prevents him from exercising his judgment upon the case, the parties are bound by the certificate of an architect, made under the authority of a building contract . . . ." And again at page 414, "If the architect, acting in good faith, thought that the work was not properly done . . . and refused the certificate for that reason, the mere fact

---

unless it is, at the time of service of the writ upon him, due absolutely and without any contingency." § 33: "If a person claiming, by assignment from the defendant or otherwise, goods, effects or credits in the hands of a supposed trustee enters an appearance, he shall be admitted as a party in order to determine his title to such goods, effects or credits, and may allege and prove any facts which have not been stated or denied by the supposed trustee." § 34: "If it appears that the claimant holds a valid assignment from the principal defendant only as security for a debt, the court shall, at the request of the plaintiff, ascertain and determine the amount due upon such debt at the time of service of the writ upon the trustee, and the claimant shall have judgment and execution for the amount so found to be due him and for his costs; and after said judgment and execution have been satisfied, the residue, if any, of the goods, effects or credits in the hands of the trustee shall be subject to the attachment in the trustee process."

that the certificate ought to have been given and that the work was done and the contract was performed would not entitle . . . [the contractor] to recover without the certificate." Here there is no contention that the architect acted otherwise than in good faith and without mistake.

While it is true that the auditor found that the contractor had completed enough of the contract to entitle it to the second payment at the time of service of the trustee process, yet it is equally clear that at that time no certificate of the architect had been made approving such payment. There existed then a contingency because of which the town was not obligated to make the second payment. Subsequent approval by the architect could not be retroactive to the time of the service of the trustee process. Inasmuch as nothing was then due the contractor from the town the trustee attachments caught nothing.

The claimant had an assignment by the contractor of all moneys due it from the town as security for the payment of a debt due him by the contractor, and when he presented this assignment to the town with a certificate of approval for the second payment from the architect, the obligation of the town to make such payment became effective. The claimant then became entitled to receive the amount of his debt from the town. G. L. (Ter. Ed.) c. 246, § 34.

What we have said disposes of the plaintiffs' first request.

Section 33 of c. 246 provides that a claimant may allege and prove any facts which have not been stated or denied by the supposed trustee. This procedure he appears to have followed. There was no error in the denial of the second request.

*Exceptions overruled.*