*Municipal Court of the City of Boston*

No. 18766

R. L. GOURLEY CO., INC.

v.

MIDDLESEX ENGINEERING & EQUIPMENT
CORPORATION

and

SOUTH SEAS RESTAURANT, INC., TR.

(October 6 — October 10, 1961)

*Present:* Adlow, C. J., Lewiton & Roberts, JJ.

Motion heard by *Morrissey, J.*

*Adlow, C. J.* Action of contract commenced by trustee writ with an ad-damnum of $1,000 to enforce a claim against the defendant in the amount of $728 plus interest. The defendant filed a general denial and the trustee answered "no funds". Later the defendant was defaulted. On August 30, 1960 the plaintiff filed interrogatories directed to the trustee. No answers were filed. On February 20, 1961 the plaintiff filed a substitute set of interrogatories to the trustee. Certain of these interrogatories were answered by the trustee and the answers revealed:

(1) That at the time these trustee proceedings were commenced there was pending in the Superior Court an action in which the defendant sought to recover from the trustee the sum of $40,554.64 due on a completed building contract.

(2) That in response to a request for specifications with respect to its defense to this claim the trustee had alleged defects in equipment furnished.

(3) That on October 28, 1960 the defendant and the trustee filed an Agreement for Judgment in the amount of $1 and for judgment satisfied.

However, the trustee refused to answer interrogatories concerning the actual amount involved in the settlement; it refused to answer a question which specified a sum over $21,000 as the amount involved; and it refused to state exactly how much it claimed as an offset to the defendant's claim by reason of the defective performance. The plaintiff

moved the court to direct the trustee to further answer, and, after hearing, the court denied the plaintiff's motion. The plaintiff being aggrieved by this refusal brings this report.

In our opinion the plaintiff was entitled to have these interrogatories answered. While it is true that the statute provides that a cause such as that pending between the defendant and the trustee could be continued for judgment until the trustee was discharged or otherwise released, (G. L. c. 246, §35) and further provides that

> "If the action is not so continued and judgment is rendered against the defendant, he shall not afterward, while liable to an execution thereon, be adjudged a trustee on account of the amount so recovered against him." (G. L. c. 246, §36),

we do not consider these provisions available to the trustee in these proceedings. The general principle of law which proclaims that no man's rights are to be affected by proceedings of which he had no notice are peculiarly applicable to the instant cause. *Putnam v. Longley,* 11 Pick. 487, 488; *Reed v. Crocker,* 13 Gray 219, 225.

If the trustee was willing to answer "No funds" at a time when it knew that a claim involving over $40,000 was pending a satisfaction of any judgment it might obtain against it; if it knew, as it should have known, that the plaintiff was looking to this fund for

against the defendant, and, knowing these facts, did not avail itself of the protection of the statute by having the cause continued for judgment, but went ahead and settled with the defendant, such settlement must be considered as purely voluntary and not within the protection of G. L. c. 246, §36. *Whipple v. Robbins,* 97 Mass. 107, 110.

The right of the plaintiff to interrogate the trustee is conferred by statute (G. L. c. 246, §12). Nor is it a matter within the discretion of the court entirely as to what information shall or shall not be disclosed. The court's power is available in this respect when it appears that the privilege of interrogating is being abused, and that the plaintiff has exhausted his rights in a vain and fruitless probe. Such is not the situation in the cause under review. The trustee having admitted that a settlement was made, it became material to the plaintiff's right to ascertain how much was involved in the transaction. And furthermore the plaintiff had a right to know exactly how much the trustee was claiming in recoupment of the defendant's claim. In *Brady v. Lichter,* 328 Mass. 124, on which the trustee relies, the trustee's counterclaim involved an amount in excess of the claim against the trustee. Until further evidence is adduced there is no valid basis for deciding whether or not the trustee had funds due and payable to the defendant. If it is true, as suggested in the report, that the settlement was in the amount of $21,000 then it would

certainly be interesting to discover why a trustee in a writ with a $1,000 ad damnum did not consider that on the day it was served at least the amount of the ad damnum was due and payable without contingency. All the circumstances disclosed by this report not only warrant but justify the plaintiff's right to further answers. *McCausland v. Taylor,* 220 Mass. 265, 270.

*Order denying further answers overruled. Matter to stand for further answers.*

Stuart DeBard of Boston, for the Plaintiff.
Herbert Weissblum of Boston, for the Trustee.