*Municipal Court of the City of Boston*

No. 18776

R. L. GOURLEY CO., INC.

v.

MIDDLESEX ENGINEERING AND
EQUIPMENT CORPORATION
AND
SOUTH SEAS RESTAURANT, INC., TRUSTEE

*Present*: Adlow, C. J., Lewiton & Shamon, JJ.

Case tried to *Roberts, J.*

(June 8—September 27, 1962.)

*Lewiton, J.* This is a contract action commenced by trustee process in which the plaintiff now seeks to charge the trustee on the latter's answers to interrogatories propounded by the plaintiff. The only real issue is whether, at the time service was made on the trustee, it was indebted to the principal defendant (hereinafter referred to as "the defendant") for money due absolutely and without any contingency (G. L. [Ter. Ed.] c. 246, §§24, 32). A motion to charge the trustee was denied by the presiding justice, and the plaintiff has claimed a report from this ruling.

The motion to charge the trustee should have been allowed.

This action was commenced by writ dated January 19, 1960, and service was made on the trustee on January 20, 1960. Service was thereafter made on the defendant, which was later defaulted at the call of the trial list. The trustee had filed an original answer of "no funds" and thereafter filed answers to interrogatories propounded by the plaintiff.

The following pertinent facts appear in the trustee's answers to interrogatories:

Under date of *December* 9, 1958, the trustee entered into an agreement with the defendant by the terms of which the latter was to furnish labor and material in connection with work to be done on the premises of the trustee, the latter agreeing to pay the defendant at stipulated rates for all labor and materials furnished. This contract was completely performed by the defendant (except for certain deficiencies asserted by the trustee) prior to *December* 29, 1959, on which date the defendant commenced an action in the Suffolk Superior Court against the trustee. In that action, the defendant claimed that the present trustee owed it a balance of $38,259.09, plus interest, for work performed and materials and equipment furnished under the aforementioned contract. The present trustee filed in the Superior Court "answers to [a motion for] specifications of the plaintiff recited certain defects of apparatus and equipment, omissions of equipment, poor installation, and other alleged defects of the performance of the defendant of" the said agreement. Thereafter, on *October* 28, 1960, an agreement for judgment and judgment satisfied was filed in the Superior Court action, in connection with which the present trustee paid $21,500 to the present defendant and cancelled a note of the defendant in the amount of $7,000. Admittedly, the defendant here did not render any services, provide any

materials, or perform any acts at the premises of the trustee after the instant trustee writ was served on the trustee on *January* 20, 1960.

The trustee gave a negative answer to plaintiff's interrogatory 12 as to whether there was "any offset which the Trustee ever had as against the defendant which would have reduced the alleged balance of $38,259.09 to less than $1,000 (the ad damnum of the writ in this action.)" A balance sheet of the trustee, as of August 31, 1959, prepared from the trustee's books by its accountants, listed an item of "Accounts Payable—Middlesex Engineering Co.—$33,259.09".

The trial judge, in denying the motion to charge the trustee, referred to the case of *Brady v. Lichter,* 328 Mass. 124, where it was held that at the time of service on the alleged trustee, there was no debt due the principal defendant absolutely and without any contingency, in view of the fact that the alleged trustee had asserted a claim that the principal defendant had wilfully and without cause abandoned performance in the midst of a construction contract with the trustee, as the result of which the trustee had been obliged to incur large additional charges for which the defendant there was liable to the trustee. The court ruled that since, if the trustee's claim should be sustained, no sum would ever be due or payable from the trustee to the defendant, it could not be said that at the time the trustee writ was served there was any debt due from the trustee to the

defendant absolutely and without any contingency. See also *Abbott Lumber and Building Supply Co. v. Cushing Construction Co.,* 330 Mass. 182; *Singarella v. City 'of Boston,* 330 Mass. 257; *Krogman v. Rice Bros.,* 241 Mass. 295.

The instant case is distinguishable from the *Brady* case in that here the trustee did not at any time, in its dealings with the principal defendant, or in the Superior Court action, wholly deny being indebted to the defendant, nor has it here asserted any facts upon which such a denial could be based.

On the contrary, the trustee admitted in response to the· present plaintiff's Interrogatory 12 that it never had any claims for offset which would have reduced its indebtedness to the defendant to an amount less than the $1,000 ad damnum of the writ in this action. This is essentially an admission that the trustee, at the time of service upon it in this action, owed the defendant at least $1,000. On this state' of the record, the trustee should have been charged in this action. Cf. *New England Oil Refining Co. v. Canada Mexico Oil Co., Ltd.,* 274 Mass. 191, 202.

We cannot agree with the argument advanced for the trustee that its indebtedness to the defendant was not a liquidated one. A claim for work and materials furnished is not an unliquidated debt, and may be the subject of setoff. *Ford v. Burchard,* 130 Mass. 424, 427.

The fact that litigation may be re-

quired in order to establish the liability of the trustee to the defendant does not preclude charging of the trustee, so long as the liability of the trustee to the defendant flows from facts existing when the writ was served upon the trustee. *Thorndike v. DeWolf,* 6 Pick. 119, 123.

*Order denying motion to charge the trustee reversed. Trustee to be charged.*

Stuart DeBard, of Boston, for the Plaintiff.
Herbert Weissblum, of Boston, for the Defendant.