Sherman, P.J.
This is an appeal by Worcester County Institution for Savings (‘WCIS” or “the Trustee”) of the denial of its motion to supersede the trustee execution in this case. WCIS contends that the execution was improperly issued in the absence of a prior entry of a trustee judgment against it, and that the amount of the execution exceeded the total funds of the defendant held by WCIS at the time of the trustee process attachment.
The relevant procedural chronology is as follows: The plaintiff’s Dist./Mun. Cts. R. Civ. R, Rule 4.2 motion for trustee process against WCIS was allowed on October 26,1993. The Trustee was served on October 29,1993.
At the time of service, the defendant’s bank account with WCIS had a balance of $365.24. On the same day, but prior to service of the trustee summons on WCIS, the defendant had deposited a check made payable to it in the amount of $8,500.00 which was drawn on the Norstar Bank of Melville, New York. The defendant’s check cleared and was posted to the defendant’s WCIS account on November 2, 1993, the third business day after both the deposit of the check and service on WCIS of the plaintiff’s trustee summons.
WCIS answered on November 9, 1993 that it held funds of the defendant’s on the October 29, 1993 date of trustee service in the total amount of $765.24. This total reflected the defendant’s existing $365.24 account balance on that date, plus an additional $400.00 credited to the defendant’s account on the basis of the $8,500.00 check pursuant to WCIS’ policy for deposits which have not yet cleared.
In subsequent answers to interrogatories propounded by the plaintiff, WCIS stated that on October 29,1993, the defendant’s account balance was $365.24 “with a check subject to collection in the amount of $8,500.00,” and that the proceeds of such check did not become available to the defendant until November 2, 1993. Based on the Trustee’s original answer and responses to interrogatories, the plaintiff moved on January 18,1994 to charge the Trustee in the amount of $8,865.25. WCIS filed a written opposition to the plaintiff’s motion which challenged the amount claimed as excessive. After hearing, the trial court allowed the plaintiff’s motion on January 26,1994 in the full amount sought.
Five days later, the plaintiff filed a request for default, default judgment and execution against the defendant. A default judgment against the defendant was recorded on the face sheet of the case docket on March 2, 1994, but was not entered chronologically as required by Dist./Mun. Cts. R. Civ. R, Rule 79(a). See, as to “effective” judgments, Dist./Mun. Cts. R. Civ. R, Rule 58(a).
On March 16,1994, WCIS filed a draft report and motion to extend the time for *191 filing the same, which motion was later denied by the trial court. The plaintiff thereafter requested both an execution and a trustee execution, which the court issued on March 29,1994.
The motion to supersede the trustee execution which is at issue on this appeal was filed by WCIS on April 6, 1994, and denied on April 25, 1994. WCIS’ subsequent request for report and draft report were timely filed.
1. Rule 62(a) of the Dist./Mun. Cts. R. Civ. R provides that “no execution shall issue upon a judgment nor shall proceedings be taken for its enforcement until the time for appeal from the judgment has expired... [emphasis supplied].” Implicit in the Rule is the obvious requirement that an execution must be based upon an existing judgment. An “execution” refers to, and can be issued only in conjunction with, a judgment for money damages. Brash v. Brash, 407 Mass. 101, 107 (1990).
As no judgment against WCIS was entered herein prior to the issuance of the trustee execution, WCIS’ motion to supersede such trustee execution should have been allowed. Although the phraseology of early pre-Rules cases suggested that the allowance of a motion to charge the trustee constituted, or at least operated as, a judgment against the trustee permitting the issuance and enforcement of a trustee execution, see, e.g., Dolan v. Mucci, 294 Mass. 341, 346-347 (1936); Kolda v. National-Ben Franklin Fire Ins. Co., 290 Mass. 182, 188 (1935), it is now established that a trustee judgment must be prepared and filed in accordance with Dist./Mun. Cts. R Civ. P., Rules 58(a) and 79(a) after a motion to charge the trustee is allowed.Arthur D. Little, Inc. v. East Cambridge Sav. Bank., 35 Mass. App. Ct. 734 (1994).
Inability to determine when judgment was entered is the type of confusion that rules 58(a) and 79(a) were meant to avoid.... The trustee is a separate party to the proceedings and may incur a potential loss of rights. Therefore the bank, as trustee, needs to be informed of the date final judgment was entered in order to take appropriate postjudgment action. ... In light of these considerations, the preferred practice is that, upon the allowance of the motion to charge the trustee, a separate document entitled ‘judgment’ shall be prepared and entered on the docket.
Id. at 738-739.
The necessity of entering judgment against a trustee as a precondition to the issuance of a trustee execution is not inconsistent with any provision of G.L.c. 246 which governs trustee process in this Commonwealth. Sections 43 through 49 of G.Lc. 246 are indeed replete with references to a judgment against the trustee. The plaintiff’s contrary argument is mistakenly based on both the caption (“Form of Judgment Charging Trustee”) of G.L.c. 246, §39 and the omission from that statute of any requirement for a trustee judgment in accordance with Rules 58(a) and 79 (a). The caption of §39 was editorially supplied by MGLA publishers and is in no way dispositive of the Legislative intent or purpose of this statute. Moreover, a specific reference in §39 to the rules governing entry of judgment is unnecessary given G.L.c. 246, §1 which provides, in pertinent part: ‘Trustee process may be utilized in accordance with the applicable rules of court....”
2. WCIS’ motion to supersede the trustee execution issued herein should have been allowed on the additional ground that the amount of such execution was in error.[2]
*192 A plaintiff cannot by trustee process attach any money held by the trustee for the defendant unless such money is 1) due “absolutely and without any contingency” to the defendant, G.L.c. 246, §§24, 32 Fourth; Brady v. Lichter, 328 Mass. 124, 128 (1951); Jordan v. Lavin, 319 Mass. 362, 365 (1946); Acushnet Saw Mills Co. v. St. Pierre, 316 Mass. 621, 623 (1944), and 2) is so held by the trustee at the exact time of service of the trustee summons. G.L.c. 246, §10. See generally, Singarella v. Boston, 330 Mass. 257, 260 (1953); Abbott Lumber & Bldg. Supply Co. v. Cushing Construc. Co., 330 Mass. 182, 185 (1953). “The trustee is chargeable only upon the facts existing when the writ was served on it, and it is of no consequence that something eventually and even probably might become due.” Brady v. Lichter, supra at 128.
The burden of proving if, and in what amount, the trustee may be charged is upon the plaintiff. Krogman v. Rice Bros. Co., 241 Mass. 295, 300 (1922); Jordan Marsh Co. v. Hale, 219 Mass. 495, 496 (1914). The plaintiff is, however, bound by the trustee’s sworn answer and responses to interrogatories, which must be accepted as true in determining the amount by which the trustee is chargeable. The plaintiff may only establish additional facts which have not been stated or denied by the trustee. G.L.c. 246, §16. See generally, Workers’ Credit Union v. Hannula, 285 Mass. 159, 160 (1934).
In the instant case, the answer and responses to interrogatories filed under oath by WCIS expressly stated that at the time of the October 29, 1993 service of trustee process, WCIS held funds of the defendant’s in the total amount of $765.24, and that the proceeds of the $8,500.00 check did not become available to the defendant until November 2,1993. It was error, therefore, for the trial court to allow the plaintiff’s motion to charge the Trustee in the amount of $8,865.24 which included the uncollected proceeds of the out-of-state check which did not clear until three days after trustee service.
At the time of the deposit of the check in question, WCIS, as the collecting bank, G.L.c. 106, §4-105, Waltham Citizens Nat’l Bank v. Flett, 353 Mass. 696, 699 (1968), did not serve as the trustee of funds owed unconditionally to the defendant in the amount of such check, but served instead as the defendant’s agent for the collection of funds which may or may not have become ultimately available to the defendant. Section 4-201(1) of G.L.c. 106 states:
Unless a contrary intent clearly appears and prior to the time that a settlement given by a collecting bank for an item is or becomes final... the bank is an agent or subagent of the owner of the item and any settlement given for the item is provisional [emphasis supplied].
The Uniform Commercial Code Comment provides the following explanation:
At some stage in the bank collection process the agency status of a collecting bank changes to that of a debtor, a debtor of its customer.... Thus the collection is completed, all agency aspects are terminated and the identity of the item has become completely merged in bank accounts, that of the customer with the depositary bank.... [But] the first sentence of subsection (1) provides that the agency status of a collecting bank... continues until the settlement given by it for the item is or becomes final. ...
While the $8,500.00 check passed through the bank collection process, the defendant’s right to the proceeds thereof remained subject to the rights of the collecting bank, AT. STICKELLS, MANUAL ON UNIFORM COMMERCIAL CODE, §4.15 (1989 ed.), to a stop-payment order or other action by the drawer and to draft dishonor by the payor bank. The provisional or contingent nature of the check proceeds did not terminate until November 2,1993 on which date the check cleared and the funds were made available to the defendant. See G.L.c. 106, §4-213(3). As this did not occur until after WCIS was served as trustee, the proceeds of the *193 check were not captured by the plaintiff through trustee process.
3. Accordingly, the denial of WCIS’ motion to supersede the trustee execution issued herein is reversed, and the execution is ordered returned. This matter is hereby returned to the Brighton Division for the entry of an effective trustee judgment against WCIS in the amount of $765.24, and any trustee execution issued thereafter is to be limited to such amount.
So ordered.

We reject the plaintiff’s contention that WCIS is foreclosed from arguing such issue on this appeal. WCIS preserved this issue in its March 16,1994 draft report. As no “effective” judgment had been entered at that time against either WCIS or the defendant, the Rule 64(c) ten day period for requesting a report to this Division had not yet commenced. WCIS’ draft report was thus, at worst, premature and should have maintained on file for inclusion in the report ultimately settled in this matter. There was no need for a motion by WCIS to extend the time to file its draft report, and the dismissal of such draft report implicit in the trial court’s denial of WCIS’ extension motion was invalid.